**AMF HEAD DIVISION OF AMF, INC.,
Plaintiff-Appellee,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Defendant-Appellant.**

**No 76–1757.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 27, 1977.

Decided Oct. 20, 1977.

William H. Emer of Parker, Milliken, Clark & O'Hara, Los Angeles, Cal. (James W. Buchanan of Hutchinson, Black, Hill, Buchanan & Cook, Boulder, Colo., on the brief), for plaintiff-appellee.

Charles P. Donnelly, N.L.R.B., Washington, D. C. (John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliot Moore, Deputy Associate Gen. Counsel, and Janet C. McCaa, Deputy Asst. Gen.

Counsel for Sp. Litigation, N.L.R.B., Washington, D. C., on the brief), for defendant-appellant.

Before BARRETT, BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In this action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as amended, the question is the recurring one as to the scope and breadth of the exemption (under Section 7 of F.O.I.A.) in National Labor Relations Act cases. The trial court construed the mentioned exemption somewhat narrowly and the Board has appealed that judgment.

In May 1975, Amalgamated Clothing Workers of America filed unfair labor practice charges before the National Labor Relations Board against AMF Head Division of AMF, Inc.

On October 4, 1975, a complaint alleging violations of the Labor Relations Act was issued by the Board's acting Regional Director. Hearing was set on February 12, 1976.

In its effort to obtain discovery, AMF Head sought to use F.O.I.A. for the purpose of obtaining from the Board copies of statements of employees together with notes of interviews which had been carried out by the Board in the course of investigation. The Board denied the request. Thereupon, the present action was filed in the U.S. District Court seeking review of the order of the Board refusing to deliver the material which AMF Head had demanded pursuant to F.O.I.A.

The Board argues that the material was exempt under § 552(b), which makes the following provision for exempt material obtained and held by an agency:

This section does not apply to matters that are—

.     .     .     .     .

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforce-

ment proceedings, . . . (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, . . . .

The only matter which we consider here is subsection (A). The company filed a motion seeking to enjoin the unfair labor practice hearing until after disclosure. This motion was denied.

The district court issued an opinion and order in the instant litigation on May 3, 1976. It held that the notes of interviews of witnesses were exempt under Exemption 5 as "internal work-product." The statements by employees were held to be exempt under Exemption 7(A) "during the pendency of the unfair labor practice proceedings." The court determined, however, that when these proceedings terminated the statements must be disclosed. The court issued a supplemental clarification order dated June 2, 1976, saying that disclosure would be required once a final decision and order had been issued by the Board.

On April 12, 1977, the Board rendered its decision in the unfair labor practice proceedings. Enforcement of this order is now before this court in a separate appeal, No. 77–1243.

The Board has appealed the district court's order requiring it to disclose its statements once the Labor Board proceedings are completed. The company's cross-appeal of the holding that the notes of interviews with employees by the Board investigators were exempt has been dismissed.

We have previously considered the question whether the NLRB must disclose employee affidavits and other similar material obtained in the course of an investigation of an alleged unfair labor practice. In *Climax Molybdenum Co. v. NLRB*, 539 F.2d 63 (10th Cir. 1976), we concluded that disclo-

sure of the material described in that case would interfere with the enforcement proceedings before the Board. We noted the sensitivity of the relations between employer and employee together with the possibility of employer retaliation, coercion, or influence exercised by the employer against the employee.

We reiterated the *Climax* viewpoint in *Cessna Aircraft Co. v. NLRB*, 542 F.2d 834 (10th Cir. 1976). There we noted that *Climax* had specifically rejected the case by case evaluation of the facts and the applicability of the exemption.

In *Climax* we called attention to the history of Exemption 7, noting that it had been enacted in order to overcome the effect of some decisions of the District of Columbia Circuit which had ruled that Exemption 7 extended to any material part of the investigatory file and which said that this material was exempt even if the investigation was concluded. We referred to the modification which Congress made and expressed our view that the exemption was reenacted and maintained intact, whereby the original intent of Congress was restored.

In *Climax* and in the case at bar the proceedings were enforcement in nature and remained active. It would be anomalous indeed for us to hold at this juncture that the exemption ceases to protect once the proceedings before the NLRB have ended, for this is not the end of the enforcement proceedings. To hold in accordance with the argument of the AMF Head Division would mean that the F.O.I.A. machinery could be used for the purpose of obtaining information in aid of the review of the unfair labor practice proceedings in this court. Various evidence would be tendered in this, an appellate court, in an effort to obtain a reversal. Thus, the discovery effort would be employed to affect the outcome of the enforcement proceedings. It is to be noted at the time of the trial court's decision that the present body of law had not developed. Furthermore, there is no assurance that the NLRB cause will not be remanded to that Board for further proceedings.

Several other circuits have concluded that Exemption 7(A) serves to protect employee statements and other similar material from disclosure by the NLRB during the continuance of enforcement proceedings. *See NLRB v. Hardeman Garment Corp.,* 557 F.2d 559 (6th Cir. 1977); *Harvey's Wagon Wheel, Inc. v. NLRB,* 550 F.2d 1139 (9th Cir. 1976); *Goodfriend Western Corp. v. Fuchs,* 535 F.2d 145 (1st Cir.), *cert. denied,* 429 U.S. 895, 97 S.Ct. 257, 50 L.Ed.2d 158 (1976); *Title Guarantee Co. v. NLRB,* 534 F.2d 484 (2d Cir.), *cert. denied,* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976).

A recent decision of the Seventh Circuit is particularly noteworthy since it is close to this case on its facts. *Abrahamson Chrysler-Plymouth, Inc. v. NLRB,* 561 F.2d 63 (7th Cir. 1977). It holds that all employee statements are within the exemption until all reasonably foreseeable administrative and judicial proceedings are completed. *Cf. New England Medical Center Hospital v. NLRB,* 548 F.2d 377 (1st Cir. 1976).

For the reason, then, that the present unfair labor practice proceeding continues to be an active contest in which the reasons and the concerns which we expressed in *Climax* are present, the exemption must be recognized and applied.

The judgment of the district court must be and the same is hereby reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

I am authorized by the members of the panel to state that we have considered the motion by AMF that this proceeding be consolidated with cause No. 77–1243. The motion should be and the same is hereby denied.