**SEEGULL MANUFACTURING CO.,**
**Plaintiff-Appellee,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant-Appellant.**

No. 83–5248.

United States Court of Appeals,
Sixth Circuit.

Argued April 10, 1984.

Decided June 1, 1984.

Opinion Vacated Aug. 28, 1984.*

Aileen A. Armstrong (Lead), Asst. Gen. Counsel for Special Litigation, Elaine Patrick (argued), Margery Lieber, National Labor Relations Board, Washington, D.C., John F. Harrington, N.L.R.B., Memphis, Tenn., for defendant-appellant.

John P. Scruggs, W. Kerby Bowling, II (argued), Bowling & Scruggs, Memphis, Tenn., for plaintiff-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and REED, District Judge.*

KRUPANSKY, Circuit Judge.

The National Labor Relations Board (NLRB) has appealed the district court's award of attorney fees to Seegull Manufacturing Company (Seegull) in this Freedom of Information Act (F.O.I.A.) proceeding.

The facts are undisputed. On December 28 and 30, 1981, the NLRB commenced unfair labor practice charges against Seegull filed by former Seegull employees Margie Gilley (Gilley) and Lonnie Stanford (Stanford). Gilley subsequently initiated Equal Pay Act litigation against Seegull in the Western District of Tennessee, alleging that she had performed work substantially equal to Stanford's, but had received unequal compensation.

To assist in its defense to Gilley's civil action, Seegull sought affidavits submitted by Stanford and Gilley to the NLRB during the unfair labor practice investigation of Seegull. On April 29, 1982, Seegull requested the documents from the Board pur-

---

* Hon. Scott Reed, United States District Court for the Eastern District of Kentucky, sitting by des-

ignation.

suant to the F.O.I.A., 5 U.S.C. § 552(a)(3), and 29 C.F.R. § 102.117(c)(1) of the Board's regulations. On May 7, 1982, the NLRB's Regional Director denied the request. The denial was based upon alternative rationales that the NLRB General Counsel's *FOIA Guidelines in Closed Cases*, 100 LRR 122, precluded disclosing the requested materials prior to the expiration of the six-month buffer period and that the information was privileged from disclosure pursuant to exemptions 7(A), (C) and (D) of § 552(b) of the F.O.I.A. Seegull timely appealed the Regional Director's determination to the NLRB's General Counsel, who affirmed the decision not to release the documents. On July 21, 1982, Seegull commenced action to compel disclosure of the documents pursuant to the F.O.I.A. On August 17, the NLRB released the documents to Seegull, explaining that the release was due to the expiration of the six-month buffer period as provided in the NLRB's guidelines. The NLRB then answered Seegull's complaint by admitting the foregoing facts, and by pleading that the issue was moot as a result of the August 17 disclosure.

On September 16, 1982, Seegull filed a petition for attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E). Seegull requested $1,583.80. The NLRB opposed the motion, and on March 17, 1983, the district court awarded Seegull $943.80. (The amount reflected a deduction for work done on a summary judgment motion which was never filed.) The NLRB timely appealed. The issue presented on appeal is whether the district court abused its discretion in awarding attorney fees. *See Murty v. Office of Personnel Management*, 707 F.2d 815 (4th Cir.1983); *Fenster v. Brown*, 617 F.2d 740 (D.C.Cir.1979).

■ The statutory basis for an award of attorney fees and costs under the F.O.I.A. is found in 5 U.S.C. § 552(a)(4)(E), which states:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in

any case under this section in which the complainant has substantially prevailed.

The threshold inquiry pursuant to this provision is whether Seegull has "substantially prevailed". The NLRB has urged that Seegull's lawsuit was unnecessary and had no causative effect on the delivery of information because the documents were automatically subject to release at the termination of the six-month period imposed by NLRB guidelines. The district court properly rejected this argument. The Regional Director's letter clearly stated that the documents were absolutely privileged under exemptions 7(A), (C) and (D) of the F.O.I.A.'s § 552(b). The General Counsel did not disclaim this exemption ruling, nor was Seegull informed that it could renew its request at the end of the six months. Rather, the General Counsel's letter informed Seegull of its right to institute the federal lawsuit. Therefore, Seegull's filing of the lawsuit was not so superfluous as to deprive Seegull of its substantially prevailing party status under the Act. *Cf. Wolfel v. United States*, 711 F.2d 66 (6th Cir.1983).

Insofar as the filing of the complaint was necessary to and did result in achieving the disclosure, it was not error for the district judge to have concluded that Seegull prevailed in its lawsuit. *See Wolfel, supra*, at 69.

■ The considerations relevant to the exercise of discretion in awarding fees are the benefit to the public deriving from the case, the commercial benefit to the complainant and the nature of his interest in the records, and whether the government's withholding has a reasonable basis in law. *See Education/Instruction v. H.U.D.*, 649 F.2d 4 (1st Cir.1981); *Lovell v. Alderete*, 630 F.2d 428 (5th Cir.1980). The district court analyzed the case at bar in terms of the above-cited factors, and concluded that attorney fees were appropriate in the instant case. Based on a thorough review of the record, this court concludes that the district court did not abuse its discretion in awarding attorney fees. Furthermore, this court is especially critical of the arguments advanced by the NLRB that its refusal to

release the affidavits had "a reasonable basis in law". The "law" upon which the NLRB relied to withhold the requested information consisted of its own guidelines promulgated in complete disregard of the mandates of the Administrative Procedure Act (APA), 5 U.S.C. § 553. Its continued arbitrary and capricious implementation of its improperly enacted self-serving guidelines is a display of bureaucratic arrogance.

Moreover, it is beyond peradventure that the NLRB was not aware of the numerous decisions holding that it is not justified in relying upon the exemptions of subsections 7(A), (C) and (D) of 5 U.S.C. § 552(b) to withhold factual affidavits of witnesses in cases that have been finally concluded. *See, e.g., Poss v. NLRB,* 565 F.2d 654, 656–58 (10th Cir.1977); *Strook v. NLRB,* 93 L.C. 13 (S.D.N.Y.1981); *Joseph Horne Co. v. NLRB,* 455 F.Supp. 1383, 1386–87 (W.D.Pa.1978).

In view of the foregoing the decision of the district court is affirmed.

■ When it becomes apparent that the initial action of a party was frivolous, unreasonable or groundless, or that that party continued litigation after it clearly became apparent that the action was frivolous, unreasonable or groundless, a court may impose appropriate sanctions. Accordingly, upon review of this appeal it is the opinion of this court that the appeal herein was frivolous, unreasonable and groundless on its face warranting the assessment of double costs against NLRB pursuant to Federal Rule of Appellate Procedure 38.