**SEEGULL MANUFACTURING CO.,**
**Plaintiff-Appellee,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Defendant-Appellant.**

**No. 83–5248.**

United States Court of Appeals,
Sixth Circuit.

Argued April 10, 1984.

Decided Aug. 28, 1984.

Aileen A. Armstrong, Asst. Gen. Counsel for Special Litigation, N.L.R.B., Margery Lieber (argued), Elaine Patrick, Washington, D.C., John F. Harrington, N.L.R.B., Memphis, Tenn., for defendant-appellant.

John P. Scruggs, (argued), Bowling & Scruggs, Memphis, Tenn., for plaintiff-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and REED, District Judge.*

KRUPANSKY, Circuit Judge.

The National Labor Relations Board (N.L.R.B./Board) has appealed the district court's decision to award attorney fees to the plaintiff, Seegull Manufacturing Company (Seegull), in this proceeding under the Freedom of Information Act. This court's previous opinion in this case, issued June 1, 1984, 735 F.2d 971, is vacated and the instant decision is issued in its stead.

The facts are not in dispute. On December 28 and 30, 1981, the Board concluded unfair labor practice charges against Seegull filed, respectively, by former Seegull employees Margie Gilley (Gilley) and Lonnie Stanford (Stanford). Subsequently, Gilley instituted an Equal Pay Act complaint against Seegull alleging that she had performed work substantially equal to Stanford's but had received unequal pay.

To assist in its defense to Gilley's civil action, Seegull desired to obtain affidavits submitted by Stanford and Gilley to the Board during the investigation of their respective unfair labor practice charges. On April 29, 1982, Seegull requested the documents from the Board pursuant to the F.O.I.A., 5 U.S.C. § 552(a)(3), and 29 C.F.R. § 102.117(c)(1) of the Board's regulations. On May 7, 1982, the Board's Regional Director denied the request. The denial was based on alternative rationales explained by the Regional Director as follows:

> The above cases, Nos. 26–CA–9459 [Stanford] and 26–CA–9486 [Gilley], were closed by this Region on December 30,

---

* Hon. Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1981, and December 28, 1981 respectively. Pursuant to the General Counsel's *FOIA Guidelines in Closed Cases*, 100 CRR 122, we are precluded from disclosing the requested materials prior to the expiration of the six month buffer period. Accordingly, I have determined that the material you requested is privileged from disclosure.

In addition, I have determined that the information requested by you is privileged from disclosure pursuant to Exemptions 7(A), (C) and (D) of Section 522(b) [552(b)] of the [F.O.I.A.].... I have determined that there is no reasonably segregable portion of the exempted material which can be made available to you.

On May 25, Seegull timely appealed the Regional Director's determination to the N.L.R.B. General Counsel. On June 16, the General Counsel affirmed the Regional Director's decision. However, the General Counsel did not refer to the statutory exceptions, but reiterated reliance on the agency's guidelines:

Your appeal from the Regional Director's refusal to furnish information you had requested by letter dated April 29, 1982 has been carefully considered.

The appeal is denied substantially for the reasons stated in the Regional Director's letter dated May 7, 1982. Specifically addressing your arguments on appeal, since the cases were closed by withdrawal of the charges on December 28 and 30, 1982, a six-month buffer period protects against disclosure of the documents you seek. In addition, the fact that Ms. Gilley has brought suit does not waive her interest in confidentiality. Section 6(d) of the Fair Labor Practice Standards Act of 1938 [Fair Labor Standards Act of 1938], in which sex-based discrimination in the payment of wages is proscribed, 29 U.S.C. Section 206(d)(1), is not the "same dispute" as a discharge for alleged union activity. See *FOIA Guidelines in Closed Cases*, General Counsel Memorandum 79–6, 100 LRR 122, 124 (February 12, 1979).

\* \* \* \* \* \*

Judicial review of this determination may be obtained by filing a complaint in the district court of the United States in the district in which the complainant resides, or has his place of business, or in which the records are situated, or in the District of Columbia, as provided in the FOIA, 5 U.S.C. Section 552(a)(4)(B).

On July 21, 1982, Seegull commenced the within action under the F.O.I.A. to compel disclosure of the documents. On August 17, the Board released the documents to Seegull with the following explanation:

As you know, these documents were previously withheld for a six-month period after the closing of the case. That time has expired and under the General Counsel's *FOIA Guidelines in Closed Cases* and the circumstances of this case the General Counsel, in his discretion, is making these documents available to you.

I have also filed an answer to the Complaint in the above-referenced case requesting dismissal on grounds of mootness. I trust this will not be objectionable to you.

The Board's answer, filed August 20, admitted the foregoing facts and, as an affirmative defense, urged the matter was moot as a result of the August 17 disclosure.

On September 16, 1982, Seegull filed a petition for attorney fees and costs pursuant to the authorization of 5 U.S.C. § 552(a)(4)(E). Seegull requested a total award of $1,583.80. The Board opposed the motion and, on March 17, 1983, District Judge McRae awarded Seegull a total of $943.80 (deducting from the petition attorney fees representing work on a summary judgment motion never filed). There ensued this timely appeal.

The statutory basis for an award of attorney fees and costs under the F.O.I.A. is 5 U.S.C. § 552(a)(4)(E), which states:

The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

The threshold inquiry pursuant to this enactment is whether, under the circumstances of this case, Seegull may be said to have "substantially prevailed". The Board has relevantly urged that Seegull's lawsuit was unnecessary and had no causative effect on the delivery of the information.

Seegull, the Board has argued, was too hasty in commencing the action but should have renewed the request at the conclusion of the six month buffer period mandated by the agency guidelines. The Board has contended that the Regional Director and General Counsel "made it clear that ... the affidavits would be released upon request at the close of the six-month buffer period". Therefore, in the Board's view, Seegull has not substantially prevailed because the lawsuit was unnecessary.

■ The district court, appropriately, rejected this argument. The Regional Director's letter clearly stated that the documents were *absolutely* privileged from disclosure under the Act. The General Counsel's letter invoked the Regional Director's rationale. While the General Counsel only specifically referred to the guidelines, the letter did not disclaim the exemption ruling. Moreover, the General Counsel did not inform Seegull that it could renew its request at the end of six months; instead, the letter invited Seegull to institute the federal lawsuit. Therefore, Seegull was not given a clear indication that reliance was entirely on the guidelines and the filing of the lawsuit was not superflorous so as to deprive Seegull of its substantially prevailing status under the Act. *Cf. Wolfel v. United States*, 711 F.2d 66 (6th Cir. 1983). It is clear that the Board intended to convey, and did convey, the impression that only a lawsuit could wrest the materials from its grasp. In view of that, the duplicity inherent in the Board's contention that the release of the documents was un-

related to the F.O.I.A. action is disheartening. It is unfortunate that the N.L.R.B. has elected not to be forthright and honest in its dealings with F.O.I.A. applicants.

Insofar as the filing of the complaint was necessary to obtain disclosure, and disclosure was obtained, it was no error for the district judge to have concluded that Seegull prevailed in its lawsuit. *See Wolfel v. United States*, 711 F.2d at 69.

■ Turning to the propriety of the within award, the primary purpose of the provision allowing recovery of attorney fees was identified by this circuit as follows:

The award of attorney's fees to successful FOIA plaintiffs was intended to relieve plaintiffs with legitimate claims of the burden of legal costs; it was not intended as a reward for successful claimants or as a penalty against the government.

*Falcone v. IRS*, 714 F.2d 646, 647 (6th Cir.1983) (citing *Wolfel v. United States, supra*). The enactment does not on its face compel the award of attorney fees and costs to a prevailing party, it only states that court "may" award such fees. 5 U.S.C. § 552(a)(4)(E). *See, e.g., Stein v. Dept. of Justice*, 662 F.2d 1245 (7th Cir. 1981). An award under § 552(a)(4)(E) has therefore been relegated to the sound discretion of the district court and is reversable only upon a showing of an abuse of that prerogative. *See, e.g., Murty v. O.P.M.*, 707 F.2d 815 (4th Cir.1983); *Education/Instruccion, Inc. v. H.U.D.*, 649 F.2d 4 (1st Cir.1981); *Fenster v. Brown*, 617 F.2d 740 (D.C.Cir.1979).

■ The considerations relevant to the exercise of this discretion are the benefit to the public deriving from this case, the commercial benefit to the complainant and the nature of his interest in the records, and whether the government's withholding has a reasonable basis in law. *See Education/Instruccion, Inc. v. H.U.D.*, 649 F.2d 4 (1st Cir.1981); *Lovell v. Alderete*, 630 F.2d 428 (5th Cir.1980). The district court analyzed the case at bar in terms of the

above-cited factors, and concluded that attorney fees were appropriate in the instant case. Based on a thorough review of the record, this court concludes that the district court was entirely correct and it would have been an abuse of discretion for the lower court to have denied attorney fees in this case.[1]

The Board has also contended that Seegull is not entitled to attorney fees because it is not an indigent and because its interest in the documents is commercial. While the legislative histories carry clear indications that indigent complainants should be awarded their fees, see S.Rep. No. 93–554, 93rd Cong., 2d Sess., the Act does not exclude corporations or the wealthy from obtaining fees where such would be otherwise proper. The materials were sought by Seegull as containing otherwise undiscoverable information for use in a civil action. The district court did not abuse its discretion in concluding that this private interest was commercially neutral for the purposes of the attorney fee award provision.

Finally, the Board has argued that its withholding of the materials had a reasonable basis in law, to wit: the statutory exemptions and the agency guidelines, and that therefore it should not be penalized by an award of counsel fees against it.

As to the statutory exemptions, review of the pleadings and filings in the district court reveals that the Board abandoned the claim that the statutory exemptions justified its withholding the document. Although the exceptions were urged by the Regional Director, they were never argued to the district court, and are presented to a court for the first time on appeal. It is, of course, axiomatic that an appeals court will not consider an argument not presented to the trial court. See, e.g., Bast v. Dept. of Justice, 665 F.2d 1251 (D.C.Cir.1981).

Moreover, under the F.O.I.A., 5 U.S.C. § 552(a)(4)(B), "the burden is on the agency to sustain its action". Review of the record reveals no submission to the district court impacting upon the availability of the exemptions in this case. Therefore, even if the claim had been considered, the agency's failure to satisfy the burden of proof would have mandated an affirmance of the district court's opinion. Cf. Madeira Nursing Center, Inc. v. N.L.R.B., 615 F.2d 728 (6th Cir.1980).

Additionally, it is beyond peradventure that the N.L.R.B. was aware of the numerous decisions holding that it is not justified in relying upon the exemptions of subsections 7(A), (C) and (D) of 5 U.S.C. § 552(b) to withhold factual affidavits of witnesses in cases that have been finally concluded. See, e.g., Poss v. N.L.R.B., 565 F.2d 654, 656–58 (10th Cir.1977); Joseph Horne Co. v. N.L.R.B., 455 F.Supp. 1383, 1386–87 (W.D.Pa.1978); Associated Dry Goods Corp. v. N.L.R.B., 455 F.Supp. 802, 811–16 (S.D.N.Y.1978).

In an effort to circumvent the requirements of the Administrative Procedure Act (A.P.A.), 5 U.S.C. § 553 et seq., the Board argued that it proceeded pursuant to the discretionary authority vested in the General Counsel pursuant to § 3(d) of the National Labor Relations Act which provides:

> The General Counsel for the Board shall exercise general supervision over all attorneys employed by the Board ... and

---

1. It should be noted that, contrary to the Board's suggestion on the appeal, the district court in this case did not determine that the public interest was served because a private litigant's lawsuit was aided. Instead, the public interest identified by the district court was the vindication of the Act itself. Because the Board had unreasonably and improperly refused to comply with the Act, the district court discerned that the public interest would be served by a judicial refusal "to condone the conduct of the NLRB by ignoring its unreasonable conduct". As recently observed,

> The Congressional policy behind the F.O.I.A. is to encourage public access to government information and to enable individual citizens to pursue their statutory rights by eliminating administrative barriers that could only be hurdled through expensive litigation. Werner-Continental, Inc. v. Farkas, 478 F.Supp. 815, 816 (S.D. Ohio) aff'd, 661 F.2d 935 (6th Cir.1981). In view of the congressional policy of the Act, the district court did not abuse its discretion in determining that the public interest element supported Seegull's petition.

over the officers and employees in the regional offices.

However, the guidelines are clearly characterized as the Board's F.O.I.A. "disclosure policy". Moreover, on their face they are "statements of the general course and method by which [F.O.I.A. requests] are channeled and determined ... formal and informal", general "rules of procedure", and "statements of general policy or interpretations", all of which the F.O.I.A. requires to be published and promulgated pursuant to the notice provisions of the A.P.A. *See* 5 U.S.C. § 552(a)(1)(B), (C), and (D). The Board's untenable characterization of the guidelines as an exercise of the General Counsel's § 3(d) N.L.R.A. supervisory authority over Board attorneys is sheer obfuscation. The Board's continued arbitrary and capricious implementation of these self serving guidelines to restrict the public's substantive rights under the F.O.I.A. is an arrogant bureaucratic display.

Consistent with the foregoing, the judgment below is affirmed.