**AMERICAN COMMERCIAL BARGE LINES COMPANY,**
**Plaintiff-Appellee,**

v.

**NATIONAL LABOR RELATIONS BOARD, Donald L. Dotson, Donald A. Zimmerman, Robert P. Hunter, Patricia Diaz Dennis, William A. Lubbers and Emil C. Farkas, Defendants-Appellants.**

Nos. 83–3603, 84–3092.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 7, 1985.

Decided April 1, 1985.

Aileen A. Armstrong, Asst. General Counsel for Special Litigation, Elaine Patrick (argued), N.L.R.B., Washington, D.C., Emil C. Farkas, Reg. Dir., James R. Schwartz, Atty., Reg. 9, N.L.R.B., Cincinnati, Ohio, for defendants-appellants in both cases.

David W. Goldman, Barbara S. Bison, Cincinnati, Ohio, David W. Miller (argued), John David Hoover, Roberts, Ryder, Rogers & Scism, Kenneth J. Yerkes, Indianapolis, Ind., for plaintiff-appellee in both cases.

Before KEITH and KENNEDY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

The National Labor Relations Board appeals the District Court's assessment of the attorney fees incurred by plaintiff in this Freedom of Information Act suit.

In April 1982 American Commercial Barge Line Co. ("ACBL") filed a Freedom of Information Act ("FOIA") request with the NLRB. The request sought copies of all statements, advice memoranda, and position letters filed by the Seafarer's International Union or the Seafarer's Appeals Board in connection with an unfair labor practice charge lodged by ACBL against the union. The unfair labor practice charge had been dismissed in February 1982. ACBL's request was denied by the NLRB Regional Director, who relied on guidelines issued by the General Counsel that provided that for Freedom of Information Act purposes information in a closed case file should be treated as though it were an open proceeding during a six-month buffer period after the case was closed. ACBL appealed this decision to the General Counsel of the NLRB. In its appeal letter, ACBL stated that "any temporary delay in the furnishing of this information will prejudice our defense in a matter presently before an administrative law judge, scheduled to resume on May 4, 1982," referring to a proceeding in an unfair labor practice charge brought by the union against ACBL. The General Counsel's office denied ACBL's appeal.

On May 24, 1982 ACBL filed this Freedom of Information Act suit in District Court. ACBL's complaint sought production of the requested documents, declarato-

ry relief voiding the General Counsel's guidelines, and an injunction against enforcement of the guidelines. On June 10, 1982 (before the NLRB filed an answer to ACBL's complaint) the NLRB informed ACBL that it would honor the FOIA request. On June 16 ACBL received the one document covered by its request, a position letter submitted by the union. ACBL nonetheless continued to vigorously pursue its lawsuit, seeking declaratory and injunctive relief. On July 6, 1983 the District Court granted the NLRB's motion for summary judgment on the grounds that the case was rendered moot by disclosure of the requested document. The District Court also held that ACBL was entitled to attorney fees. After further proceedings, the District Court awarded ACBL a total of $11,511.22 in attorney fees and expenses incurred prior to June 10, 1982 or in litigating the fee award. The merits of the summary judgment are not before us; the only issue on appeal is the propriety of the attorney fee award.

■ The attorney fee provision of the Freedom of Information Act provides:

The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E). The Board does not dispute that ACBL has substantially prevailed within the meaning of this provision. However, the statute does not automatically award fees to all prevailing FOIA plaintiffs. *Stein v. Department of Justice,* 662 F.2d 1245, 1262 (7th Cir.1981). Courts have held that at least the following factors should be considered in determining whether a prevailing FOIA complainant should be awarded attorney fees: the benefit to the public deriving from the case; the commercial benefit to the complainant and the nature of its interest in the records; and whether the agency's withholding had a reasonable basis in law. *E.g., Seegull Manufacturing Co. v. NLRB,* 741 F.2d 882, 885 (6th Cir.1984); *Aviation Data Ser-*

*vice v. FAA,* 687 F.2d 1319, 1321 (10th Cir.1982); *Stein v. Department of Justice,* 662 F.2d 1245, 1262 (7th Cir.1981); *Lovell v. Alderete,* 630 F.2d 428, 431–32 (5th Cir. 1980). Although no one of these factors should be given dispositive weight, *Nationwide Building Maintenance, Inc. v. Sampson,* 559 F.2d 704, 714 (D.C.Cir.1977), this Court's decision in *Seegull,* 741 F.2d 882, 885–86, establishes that it was proper to award attorney fees in this case if the withholding had no reasonable basis in law. We therefore look first to this factor.

■ A decision to award attorney fees under the FOIA is generally reviewed under an abuse of discretion standard. *E.g., Seegull,* 741 F.2d at 885; *Aviation Data Service,* 687 F.2d at 1321. However, "[w]ith respect to the district court's evaluation of the government's legal argument, a *de novo* standard is appropriate." *Sigmon Fuel Co. v. Tennessee Valley Authority,* 754 F.2d 162, 167 (6th Cir.1985). In *Sigmon* this Court considered whether the government's position in that case had had a reasonable basis in fact and law, in order to determine whether the government's position was substantially justified for purposes of the Equal Access to Justice Act. In considering whether the denial of fees in *Sigmon* was an abuse of discretion, the Court held that, while factual findings were subject to a clearly erroneous standard, "[b]ecause the question of reasonableness in this case only involves a review of the government's legal arguments, a *de novo* standard of review will be used." *Id.* In *LaSalle Extension University v. FTC,* 627 F.2d 481, 483 (D.C.Cir.1980), the court upheld a denial of attorney fees, although the district court had not made specific findings to support its decision, because the appellate court "conclude[d] as a matter of law that the Government had a reasonable legal basis for its FOIA exemption claims." We will therefore consider whether the NLRB, as a matter of law, had a reasonable basis for withholding the document requested by ACBL.

■ The District Court found "that by disclosure within the time covered by the

**1112**

guidelines (six months), defendants have impliedly conceded the issue of wrongful withholding." The District Court offered no other basis for holding that there was no reasonable basis for the withholding. We hold that the District Court erred in relying on the NLRB's disclosure to establish lack of a reasonable basis for withholding.

■■■ Agency disclosure of a document requested under the FOIA does not logically give rise to an inference that the agency does not consider the document exempt from FOIA disclosure. The FOIA does not prohibit disclosure of documents covered by exemptions. *Chrysler Corp. v. Brown,* 441 U.S. 281, 290–94, 99 S.Ct. 1705, 1711–14, 60 L.Ed.2d 208 (1979). *See also Pennzoil Co. v. Federal Power Commission,* 534 F.2d 627, 630 (5th Cir.1976); *Charles River Park "A", Inc. v. Department of HUD,* 519 F.2d 935, 942 (D.C.Cir.1975). "[T]he exemptions 'are only *permissive*' and 'mark the outer limits of information that may be withheld where the agency makes a specific determination that the public interest and the specific circumstances presented dictate ... that the information *should* be withheld.'" *Title Guarantee Co. v. NLRB,* 534 F.2d 484, 489 (2d Cir.), *cert. denied,* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976), *quoting* S.Rep. No. 93–854, 93rd Cong., 2d Sess. (1974) (emphasis in original.) It clearly would not be inconsistent with the FOIA for an agency to initially withhold an exempt document and later disclose it after determining that disclosure was in the public interest even though the document was exempt. Disclosure therefore does not establish that the agency considers a document non-exempt. Moreover, the question here is not whether the document was exempt but whether the NLRB had a reasonable basis in law for considering it exempt. "To have a reasonable basis in law, an agency's ground for withholding a document need not be ultimately vindicated ...." *Education/Instruccion, Inc. v. United States Department of HUD,* 649 F.2d 4, 8 (1st Cir.1981).

■■■ Were the courts to construe disclosure of a document as an agency's concession of wrongful withholding, as did the District Court here, agencies would be forced to either never disclose a document once withheld or risk being assessed fees. This result would frustrate the policy of encouraging disclosure that prompted enactment of the FOIA and its amendments. "[D]isclosure, not secrecy, is the dominant objective of the Act." *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). Penalizing an agency for disclosure at any stage of the proceedings is simply not in the spirit of the FOIA.

The NLRB argues that the District Court's consideration of the Board's disclosure was improper under Federal Rule of Evidence 408, which provides in part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

In light of the foregoing discussion we need not rely on the rules of evidence to establish the District Court's error, and thus need not decide whether the Board's unilateral disclosure constituted "compromising or attempting to compromise a claim." *Cf. Thomas v. Resort Health Related Facility,* 539 F.Supp. 630 (E.D.N.Y. 1982) (unconditional reinstatement offer admissible because not made to compromise claim for back pay). However, we do note that the two major justifications offered in support of Rule 408 are that such offers are irrelevant and that they should be excluded in order to encourage freedom of communication with respect to compromise negotiations. *See generally* 2 WEINSTEIN'S EVIDENCE ¶ 408[02]. These same two considerations are present here: under the FOIA, disclosure is irrelevant to the question of whether there was a reasonable basis for withholding; and, even if rele-

vant, disclosure should be encouraged to effectuate the purposes of the Act.

 Excluding consideration of the Board's disclosure, we must determine whether there was a reasonable basis in law for withholding the document. The Board argues, as it did in the District Court,[1] that the document was covered by exemption 7(A), which exempts "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings." The Board contends that disclosure of the union's position statement, which was filed in the closed unfair labor practice proceeding brought by ACBL, would have interfered with its investigation in the open unfair labor practice proceeding brought by the union.

The Supreme Court's decision in *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), is the starting point for evaluating the application of exemption 7(A) to this case. In *Robbins Tire* the subject of an unfair labor practice investigation sought production under the FOIA of statements collected during an NLRB investigation. The NLRB claimed that the statements were covered by exemption 7(A). In holding the statements exempt, the Court first reasoned that courts should be allowed to make general determinations "that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records would generally 'interfere with enforcement proceedings.'" 437 U.S. at 236, 98 S.Ct. at 2323. The Court then held that disclosure of statements taken pursuant to an unfair labor practice investigation would generally involve two types of interference: the danger that potential witnesses would be coerced; and the great-

er access to the Board's case such discovery would afford litigants. Citing *New England Medical Center Hospital v. NLRB*, 548 F.2d 377, 382 (1st Cir.1976), which quoted *Title Guarantee Co. v. NLRB*, 534 F.2d 484 (2d Cir.), *cert. denied*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976), the Court found that "a suspected violator with advance access to the Board's case could '"construct defenses which would permit violations to go unremedied."'" 437 U.S. at 241, 98 S.Ct. at 2326.

*Robbins Tire* does not directly control application of exemption 7(A) in the present case because the document requested here was not a witness statement and the investigation in which the document was obtained was closed, although a related investigation remained open. The situation here was presented, however, in *New England Medical*, which was cited by the Court in *Robbins Tire*. In *New England Medical*, the employer requested all documents from two closed unfair labor practice investigation files, which the employer desired for use in defending a third proceeding. The First Circuit held that disclosure of the Board's file, including documents other than witnesses' statements, would interfere with the investigation by disclosing the limits of the Board's case. The court also held that it made no difference that the documents were in files labeled "closed" as long as they related to an open investigation, and that the closed files must have been related because the employer "in its complaint [made] clear that its purpose in obtaining the records [was] solely to discover 'facts, evidence and leads to evidence' necessary to prepare a defense" in the open proceeding. 548 F.2d at 386. The Ninth Circuit reached the same result in a simi-

---

1. The Board presented its argument that the document was covered by exemption 7(A) to the District Court in its motion for reconsideration of the order in which the District Court held ACBL entitled to costs. That holding was made in the course of the District Court's ruling granting the Board's motion for summary judgment on the merits. Prior to that ruling, ACBL had not moved for an award of fees and no party

had briefed the question of attorney fees. Applicability of exemption 7(A) was therefore raised in the District Court at the first opportunity. *Cf. Seegull Manufacturing Co. v. NLRB*, 741 F.2d 882, 886 (6th Cir.1984) (argument that withholding was justified under exemption 7(A) not considered on appeal since not presented to the trial court).

**1114**

lar case in *Polynesian Cultural Center, Inc. v. NLRB,* 600 F.2d 1327 (9th Cir.1979).

These cases clearly provide at least a reasonable basis in law for the Board's actions challenged here. In its appeal letter to the NLRB General Counsel, which was attached as an exhibit to the complaint, ACBL declared that the purpose of its request was to obtain information that would aid its defense of the unfair labor practice charges brought by the union. This is all that is needed to establish that the second proceeding was related to the first and bring this case under the ambit of *New England Medical* and *Polynesian Cultural Center.*[2] The appeal letter directly establishes that disclosure would result in one of the types of interference protected by the *Robbins Tire* decision.

ACBL contends that even the related proceeding was no longer an ongoing investigation, since the proceeding was ordered closed by an administrative law judge on May 11, 1982. As the final denial of the FOIA request was made by the General Counsel also on May 11, 1982, this argument establishes that the related proceeding was open when the agency decided to withhold the document. Moreover, such documents have been held exempt until all foreseeable proceedings, whether administrative or judicial, are concluded. *AMF Head Division of AMF, Inc. v. NLRB,* 564 F.2d 374 (10th Cir.1977); *Abrahamson Chrysler-Plymouth v. NLRB,* 561 F.2d 63 (7th Cir.1977). Accordingly, we hold that there was a reasonable basis in law for the Board's actions in withholding the requested document until June 10, 1982.

The only remaining question is whether any of the other factors to be considered provide a basis for awarding attorney fees. The District Court held that "in this case there is no significant benefit to the public interest." Although this Court has found the public interest served by similar litigation, see *Seegull Manufacturing Co.,* 741

F.2d at 886 n. 1, the public interest served was that of "vindication of the Act itself." That interest does not exist where the Board's action had a reasonable basis in law. The District Court also held that ACBL would not obtain any commercial benefit from the records, although its interest in the information was private rather than public. The District Court therefore apparently viewed these two factors, taken together, as neutral. In view of our conclusion that there was a reasonable basis in law for the withholding of the requested information, there is no basis for an award of attorney's fees in this case. The District Court abused its discretion in awarding fees.[3]

Accordingly, the District Court orders awarding attorney fees are reversed.

---

**2.** The Board's burden of proving the existence of a reasonable basis for withholding was therefore satisfied by the admissions of the pleadings. *Cf. Seegull Manufacturing Co.,* 741 F.2d at 886 (Board failed to satisfy burden of proof).

**3.** We do not reach the Board's arguments on appeal concerning the amount of fees awarded.