**INJEX INDUSTRIES, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, Rosemary M. Collyer, Defendants.**

**No. C 86–3850 TEH.**

United States District Court, N.D. California.

Dec. 18, 1986.

Robert G. Hulteng and Scott D. Rechtschaffen, Littler, Mendelson, Fastiff and Tichy, San Francisco, Cal., for plaintiff.

Aileen A. Armstrong, Asst. Gen. Counsel for Special Litigation, N.L.R.B., Washington, D.C., Paul Eggert, Regional Atty., Oakland, Cal., for defendants.

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THELTON E. HENDERSON, District Judge.

This matter comes before the Court on defendants' motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and plaintiff's cross-motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Having carefully reviewed the record presented, good cause appearing, and for the reasons stated below, the Court hereby grants defendants' motion for summary judgment and denies plaintiff's cross-motion for summary judgment.

Plaintiff Injex Industries filed this suit under the Freedom of Information Act (hereinafter "FOIA") seeking disclosure of impounded election ballots cast in a representation election in which the election petition was withdrawn by the National Labor Relations Board (hereinafter "NLRB"), at the request of the organizing union, after an NLRB investigation revealed that Injex had committed unfair labor practices during the pre-election period.

The NLRB asks the Court to grant summary judgment denying the disclosure of the impounded ballots to the company. Plaintiff Injex cross-moves for summary judgment granting its request for disclosure of the ballots. Because plaintiff stipulates to defendants' Statement of Uncontested Facts and thus there are no genuine issues of material fact, this case is properly adjudicated on a motion for summary judgment.

The facts, as stipulated by the parties are as follows: On October 24, 1985, the United Automobile, Aerospace and Agricultural Workers of America (hereinafter "Union") filed an election petition with the NLRB seeking to represent 200 workers at Injex Industries in Hayward, California. The election was scheduled for December 20, 1985. On December 18, 1985, the Union filed charges of unfair labor practices against Injex with the NLRB. The NLRB regional director determined that a full investigation could not occur in the two days remaining before the election and therefore decided that it would be in the best interests of the parties to conduct the balloting and impound the ballots pending completion of the investigation.

On January 29, 1986, the NLRB issued a complaint alleging that Injex had commit-

ted unfair labor practices prior to the representation election. On the same day, the Union requested that the election petition be withdrawn. The withdrawal request was granted by the NLRB. Injex objected to the withdrawal and appealed the NLRB withdrawal decision. The appeal was denied by the NLRB on April 22, 1986. On May 1, 1986, the unfair labor practice proceeding was resolved by a settlement agreement, and approved by an administrative law judge.

On May 19, 1986, Injex submitted a request to the NLRB under the FOIA to inspect the impounded ballots. The NLRB denied the request, stating that the impounded ballots were privileged from disclosure by exceptions to the FOIA. Injex appealed the denial but the appeal was denied by the NLRB. Subsequently, Injex filed this suit.

■ This Court holds that the decision of the NLRB in this matter must stand for several reasons. First, this Court does not have jurisdiction over the matter because the decisions of the NLRB to impound the ballots and to withdraw the election petition are not judicially reviewable. Decisions of the NLRB that are made pursuant to the representation provisions of the NLRB are judicially reviewable only when the Board plainly exceeds its statutory authority (*Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), *Boire v. Greyhound*, 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964)) or when the foreign relations of the United States are at issue (*McCulloch v. Sociedad Nacionale de Marineros de Honduras*, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963)), *Hartz Mountain v. Dotson*, 727 F.2d 1308 (9th Cir. 1984). "Exceptions to the rule against direct review of certification or collateral attack on representation orders would only be cases 'characterized by extraordinary circumstances.'" *Hartz*, 727 F.2d at 1312.

Here, the NLRB under Board Rules and Regulations Sec. 102.67(b) ordered the ballots impounded and under Sec. 159, granted the Union's request to withdraw the representation election petition. Both decisions are clearly within the scope of the Board's statutory authority. Therefore, the *Kyne* exception does not apply. In effect, Injex's attempt to obtain the ballots through the FOIA is a collateral attack on a nonreviewable decision and thus, is not permitted.

■ Secondly, even if this Court were to have jurisdiction over this matter, an exception to the FOIA exempts the impounded ballots from disclosure. Exception (7)(A) of the Act protects from mandatory disclosure "records or information compiled for law enforcement purposes, ... to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings ..." 5 U.S.C. § 552(b)(7)(A) as amended by the Freedom of Information Reform Act, P.L. 99–570, § 1802 (1986). The parties do not dispute that the impounded ballots are records compiled for law enforcement purposes. The question, therefore, is whether producing the records would "reasonably be expected to interfere with enforcement proceedings."

Plaintiff asserts that Exemption (7)(A) does not apply to the impounded ballots because the exemption is only applicable when disclosure would interfere with a pending law enforcement proceeding. To support its position, plaintiff relies on *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 751 F.2d 982, 985 (9th Cir.1985) (affidavits gathered by the NLRB during unfair labor practice investigation must be disclosed where no case is pending or contemplated); *Poss v. NLRB*, 565 F.2d 654, 656–58 (10th Cir.1977) (factual information obtained by the Board in investigating an unfair labor practice claim is not protected by Exemption (7)(A) when no proceeding is pending); *Kilroy v. NLRB*, 633 F.Supp. 136 (S.D.Ohio 1985) (affidavits of employees supporting their unfair labor practice charges are not protected by Exemption (7)(A) because the cases they relate to are closed); and *Seegull Manufacturing v. NLRB*, 741 F.2d 882, 886 (6th Cir.1984) (NLRB is not justified in relying on Exemption (7)(A) to withhold factual affidavits obtained in unfair labor practices cases that have been concluded.) Injex thus argues that because

the representation election is over and the unfair labor practice case is settled, the relevant enforcement proceedings are closed and the exemption does not apply here.

The cases plaintiff cites for this "pending" requirement, however, all involve the NLRB responsibility to investigate unfair labor practices (29 U.S.C. § 158) rather than the NLRB's responsibility to process collective bargaining representation elections (29 U.S.C. § 159). In *Van Bourg, Poss, Kilroy,* and *Seegull,* the plaintiff sought disclosure of information gathered by the NLRB during an investigation of an unfair labor practice charge. Here, plaintiff seeks disclosure of information obtained by the NLRB after a representation election. Plaintiff cites no cases in which disclosure of information pertaining to a representation election is required under Exemption (7)(A). Therefore, because plaintiff seeks information relative to a representation election rather than an unfair labor practice investigation, the *Van Bourg* group of cases is inapplicable.

Moreover, disclosing the ballots would interfere with the authority of the NLRB to conduct representation elections, a responsibility delegated by Congress to the NLRB. "The control of the election proceeding and the determination of the steps necessary to conduct the election fairly [are] matters which Congress entrusted to the Board alone." *NLRB v. Waterman Steamship Corp.,* 309 U.S. 206, 226, 60 S.Ct. 493, 503, 84 L.Ed. 704 (1940). Here one can only presume that Injex seeks disclosure of the ballots in order to tally them because the only information contained in the ballots is whether each ballot was cast for or against the Union in the election. Therefore, disclosure would not only undermine the Board's decisions to impound the ballots and to withdraw the election petition, but would also cause the ballots to be counted by a party other than the Board, contrary to the statutory scheme established by Congress in the National Labor Relations Act.

Finally, there can be little doubt that the authority of the Board in general would be undermined if the FOIA could be used by parties to obtain disclosure of impounded ballots after the NLRB has cancelled an election pursuant to law. For example, parties could manipulate the election process by committing an unfair labor practice, thereby triggering nullification of an election, and still be able to find out the number of employees who voted for a union in a representation election. This information could then be used later for improper purposes.

Accordingly, IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's cross-motion for summary judgment is DENIED.

IT IS SO ORDERED.