840 F.2d 17
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald E. PARKINSON, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE and the United States of
America, Defendants-Appellees.
 No. 87-3219.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1988.
 
 Before ENGEL and RYAN, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 I.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff-appellant, Ronald E. Parkinson, brought an action pursuant to the Privacy Act to obtain documents pertaining to him maintained by the Cincinnati District Office of the Internal Revenue Service, in two systems of records for the years 1982, 1983, and 1984. The defendant filed a motion for summary judgment supported by the affidavit of Linda K. Everman, the disclosure officer for the Cincinnati District Office, in which Ms. Everman stated that no documents pertaining to Parkinson were in either system of records. Parkinson's challenge to the Everman affidavit led to another search pursuant to which forty-seven documents were found and released to him. Thereafter, the district court granted the defendant's motion for summary judgment with respect to the documents requested from a system known as "Classification and Examination Selection Files, Treasury/IRS 42.016" because that entire system was exempt from disclosure. Subsequently, the defendant's motion for summary judgment with respect to the documents allegedly contained in the system known as "Correspondence Files and Correspondence Control Files, Treasury/IRS 00.002" was granted because Parkinson failed to provide evidence that any further documents pertaining to him were being maintained at the Cincinnati District Office. However, Parkinson's request for litigation costs as authorized by 5 U.S.C. Sec. 552a(g)(3)(B) was not addressed by the district court.
 
 
 2
 We affirm the district court's grant of the defendant's motion for summary judgment with respect to all issues except that of litigation costs, and remand to the district court for consideration of the plaintiff's claimed entitlement to costs.
 
 II.
 
 3
 We find Parkinson's contention that the Cincinnati District Office failed to further provide him with documents allegedly contained in the 42.016 and 00.002 systems to be without merit. Although it is unclear whether Parkinson is challenging the district court's disposition of his claim to records in the 42.016 system, it is clear that the district court properly granted summary judgment because that entire system is exempt from disclosure. Reed v. Commissioner, C-2-85-36 (S.D.Ohio, August 19, 1985).
 
 
 4
 With respect to the request for unreleased items from the 00.002 system, the defendant's motion for summary judgment was supported by Ms. Everman's affidavit in which she stated that the forty-seven documents provided to Parkinson were the only documents pertaining to his request in the 00.002 system at the Cincinnati District Office. Parkinson provided evidence of these unreleased documents in his supplemental authority filed on April 29, 1986, and his response to the district court's order of April 29, 1986, allowing him fifteen days to file evidence of unreleased documents. It should be noted that both sets of information were available to the district court when it decided the 00.002 system issue and ordered summary judgment with respect to that issue on June 12, 1986.
 
 
 5
 The supplemental authority consists of documents which were released to Parkinson from which he asserts it can be inferred that other non-released documents exist. Mainly, Parkinson seems to be focusing on the extent of information found by IRS employee Carolyn Ferebee as compared to the information found by Linda Everman, and asserting that Ms. Everman's affidavit amounted to perjury. This is of no relevance to the existence of other documents absent some showing that Ms. Ferebee actually located documents Ms. Everman did not.
 
 
 6
 Parkinson's response to the April 29, 1986 order referred to five unreleased documents. As a preliminary matter, there is a need to briefly address exactly who is the proper defendant. Although the plaintiff's complaint named the Commissioner as the defendant, it is clear that the Privacy Act only authorizes civil actions against an agency and not individuals. Windsor v. The Tennessean, 719 F.2d 155, 160 (6th Cir.1983), cert. denied, 469 U.S. 826 (1984). Thus, Parkinson's complaint has been properly construed to be one against the IRS. However, Parkinson contends that the IRS, and not just the Cincinnati District Office of the IRS, is the defendant.
 
 
 7
 This determination is relevant because the district court's grant of defendant's motion for summary judgment with respect to documents Parkinson alleged were in the 00.002 system was mainly premised on the ground that the documents were not in the possession of the Cincinnati District Office but were maintained in a separate office--the Cincinnati Service Center. Clearly, the Privacy Act requests in question were sent to the Cincinnati District Office and not the Cincinnati Service Center.
 
 
 8
 The IRS does not have a central file of records in which copies of documents in its possession are maintained. Church of Scientology of California v. IRS, 792 F.2d 146, 150 (D.C.Cir.1986). Therefore, requests for disclosure pursuant to the Privacy Act must "[b]e addressed to or delivered in person to the office or officer of the constituent unit indicated for the particular system or subsystem or categories of records the individual wishes access to, as specified in the 'Notice of Records Systems'...." 31 C.F.R. Sec. 1.26(d)(1)(iv). The "Notice of Records Systems" specifies that 00.002 systems of records are located in, among other places, district offices and service centers. Privacy Act Issuances, 1985 Comp., Vol. II at 875. Additionally, the Notice refers to Appendix A which provides that inquiries "should be addressed to the office whose records are to be searched," and lists as separate offices the District Office in Cincinnati and the Service Center in Covington, Kentucky. Id. at 875-76. Therefore, the district court properly determined that Parkinson's complaint was limited to the Cincinnati District Office.
 
 
 9
 A review of four of the allegedly unreleased documents reveals no indication that they are maintained in the Cincinnati District Office. Instead, these documents appear to be from the Service Center. Additionally, the fifth document discussed, a form letter referred to in the notes of a meeting at the Cincinnati District Director's Office, and which was apparently going to be sent to Senator John Glenn's office as a guide to responding to tax protesters, is not a "record" subject to disclosure under the Privacy Act. 5 U.S.C. Sec. 552a(a)(4), (a)(5), & (d).
 
 III.
 
 10
 Parkinson's complaint specifically requested that he be awarded his "costs and disbursements" in this action. The relevant Privacy Act provision, 5 U.S.C. Sec. 552a(g)(3)(B), provides that:
 
 
 11
 The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case [of an agency's refusal to comply with requests for nonexempt records] in which the complainant has substantially prevailed.
 
 
 12
 The language of the Freedom of Information Act's (FOIA) provision for attorney fees and costs is identical, 5 U.S.C. Sec. 552(a)(4)(E), and therefore cases interpreting it provide this court with guidance.
 
 
 13
 It is clear that a pro se plaintiff cannot recover attorney fees under Sec. 552(a)(4)(E) of the FOIA. Falcone v. IRS, 714 F.2d 646 (6th Cir.1983), cert. denied, 466 U.S. 908 (1984); Wolfel v. United States, 711 F.2d 66 (6th Cir.1983). However, it does not follow that a pro se plaintiff cannot be awarded litigation costs pursuant to that provision. E.g., Kuzma v. IRS, 821 F.2d 930, 934 (2d Cir.1987). We find the reasoning of these cases interpreting Sec. 552(a)(4)(E) equally applicable to this Privacy Act claim. Since the filing of Parkinson's complaint appears to have been a casual factor in the IRS's subsequent release of forty-seven documents pertaining to him, see, Seegull Mfg. Co. v. National Labor Relations Board, 741 F.2d 882, 885 (6th Cir.1984); Exner v. Federal Bureau of Investigation, 512 F.2d 1202, 1207 (9th Cir.1980), we remand the issue of Parkinson's entitlement to litigation costs to the district court for determination of whether he "substantially prevailed" on this issue and, if so, what his reward of costs should be.
 
 
 14
 For the above reasons, we AFFIRM the district court's grant of the defendant's motion for summary judgment with respect to all issues except Parkinson's entitlement to litigation costs. We REMAND the issue of litigation costs to the district court for further proceedings in accordance with this decision.