608 F.2d 717
 Cliff DAVIS, Appellant,
v.
Robert F. PARRATT, Warden of Nebraska Penal and Correctional
Complex; Lieutenant Jerry Wright, Officer at
Nebraska Penal and Correctional Complex,
Appellees.
 No. 79-1496.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 23, 1979.
Decided Oct. 30, 1979.
 
 Cliff Davis, pro se.
 Paul L. Douglas, Atty. Gen. and Mel Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., on brief for appellees.
 Before LAY, BRIGHT and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cliff Davis, proceeding pro se, appeals from a district court order denying him attorney fees under 42 U.S.C. § 1988 and awarding him partial indemnification for his litigation expenses. We affirm.
 
 
 2
 In September 1976 Davis filed a pro se complaint in forma pauperis under 42 U.S.C. § 1983 against several officers of the Nebraska Penal and Correctional Complex. His case was consolidated for trial with similar Section 1983 suits brought by Antonio Laravie and Arthur Miller. Laravie and Miller requested and received appointment of counsel; Davis refused appointment of counsel.
 
 
 3
 The thrust of plaintiffs' complaint was that the inmate legal library was inadequate and that plaintiffs had been denied reasonable access to the library. Pursuant to joint stipulations, the district court entered orders: (1) requiring the defendants to take certain steps to improve the library and retaining jurisdiction to ensure compliance; and (2) dismissing the remaining issue with prejudice. Miller applied for and received attorney fees. Davis was awarded $351.65 as costs but was denied attorney fees.
 
 
 4
 Davis argues: (1) he is entitled to attorney fees under 42 U.S.C. § 1988 because he is a trained paralegal; and (2) he is entitled to full reimbursement for his expenses in the amount of $1,190.95.
 
 
 5
 Davis is not represented by counsel on appeal and was not represented by counsel in the district court. He argues that under Section 1988 he is entitled to receive paralegal compensation at the rate of $25.00 per hour for his work in preparing his case. He further contends that the denial of attorney fees to pro se litigants contravenes the purpose of that statute.
 
 
 6
 The legislative history of Section 1988 reveals that its purpose is not to compensate pro se litigants, but to provide counsel fees to prevailing parties in order to give private citizens a meaningful opportunity to vindicate their rights:
 
 
 7
 In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, . . . (they) must have the opportunity to recover what it costs them to vindicate these rights in court.
 
 
 8
 S.Rep.No.49-1011, 94th Cong., 2d Sess. 2, Reprinted in (1976) U.S.Code Cong. & Admin.News, pp. 5908, 5910. See Morrow v. Dillard, 580 F.2d 1284, 1299 (5th Cir. 1978); Sargeant v. Sharp, 579 F.2d 645, 648-49 (1st Cir. 1978); See also Pickett v. Milam, 579 F.2d 1118, 1121 (8th Cir. 1978); Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action, 558 F.2d 861, 870-71 (8th Cir. 1977). This section presupposes a relationship of attorney and client that is lacking in the instant case. The district court properly denied Davis' application for attorney fees.
 
 
 9
 Davis also contends that the amount he was awarded for costs is inadequate. The district court award is fully within its discretion and will not be disturbed absent an abuse of discretion. See Farmer v. Arabian American Oil Co., 379 U.S. 227, 232, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Linneman Construction Inc. v. Montana-Dakota Utilities Co., Inc., 504 F.2d 1365, 1370 (8th Cir. 1974); First National Bank v. Dunham, 471 F.2d 712, 713 (8th Cir. 1973); See also 6 Moore's Federal Practice P 54.70(5) (2d ed. 1976).
 
 
 10
 The judgment is affirmed.