Kenneth OWENS–EL and Inmates and Future Residents of Allegheny County Jail

v.

Warden William ROBINSON and James Jennings

Appeal of Kenneth Owens-El.

No. 80–2637.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 19, 1982.

Decided Dec. 9, 1982.

Kenneth Owens-El, pro se.

James H. McLean, County Sol., Dennis R. Biondo, Asst. County Sol., Allegheny County Law Dept., Pittsburgh, Pa., for appellees.

Before ADAMS, WEIS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

This appeal challenges the district court's refusal to award a pro se litigant, who is not a lawyer, attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 (1976 & Supp. IV), where an attorney already represented a class in which the litigant was eligible to be a member. We conclude that the district court properly refused to make such an award and affirm.

### I.

In 1976 Neighborhood Legal Services filed a class action on behalf of all inmates in the Allegheny County jail for a declaratory judgment holding that the conditions of confinement violated the inmates' constitutional rights. The district court consolidated the matter with a similar pro se suit filed in 1975 by the plaintiff Owens-El to obtain equitable relief and money damages. The district court permitted Owens-El to act as his own counsel. Finding that the named defendants had deprived the inmates of their constitutional rights, the district court required changes in jail conditions but rejected Owens-El's claim for money damages. *See Owens-El v. Robinson,* 442 F.Supp. 1368 and 457 F.Supp. 984 (W.D.Pa. 1978). On appeal, this court affirmed in part and remanded in part. *Inmates of Allegheny County Jail v. Peirce,* 612 F.2d 754 (3d Cir.1979). Owens-El participated in the original action as a litigant but did not appeal the district court's final order.

In July of 1980 Owens-El filed a motion for attorney's fees, which the district court denied. *Owens-El v. Robinson,* 498 F.Supp. 877 (W.D.Pa.1980).[1] Owens-El appeals from the denial of his motion.[2]

### II.

The Civil Rights Attorney's Fees Awards Act of 1976 provides that the district court, in its discretion, may award the prevailing party a reasonable attorney's fee in an action to enforce section 1983.[3] Congress enacted this legislation in response to *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which held that the civil rights acts passed during the Reconstruction Era did not contain the necessary congressional authorization for the award of attorney's fees. Recognizing that these civil rights acts depended heavily upon private enforcement, Congress intended to succor the aggrieved citizen "who must sue to enforce the law [and] has little or no money with which to hire a lawyer." Congress further directed that the standards governing the award of attorney's fees in other types of equally complex federal litigation apply so that fees "are adequate to attract competent counsel, but which do not produce windfalls to attorneys." *See* S.Rep. No. 1011, 94th Cong., 2d Sess., *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5910–13.

These frequent references to the engagement of counsel evince Congress' desire to enable victims of discrimination to be represented by lawyers and thereby to avoid subjecting themselves to the risks and perils of uncounseled litigation or to the possibility that a violation of their civil rights would

---

1. The district court was without the benefit of *Pitts v. Vaughn,* 679 F.2d 311 (3d Cir.1982).

2. Owens-El did not appeal from the district court's order dated November 6, 1980, which denied his request for appointment of counsel. Therefore, that issue is not properly before this court. *Newark Morning Ledger v. United States,* 539 F.2d 929, 932 (3d Cir.1976). Owens-El did, however, request appointment of counsel in order to "reopen the appeal of the material issues never resolved adequately enough." We understand this request to refer to the denial of attorney's fees, and decline to grant it. Under the holding in *Pitts v. Vaughn,*

*supra,* the district court properly denied him attorney's fees, and it would, therefore, serve no purpose to appoint counsel to represent Owens-El on an appeal that deals with the issue of attorney's fees.

3. Specifically, 42 U.S.C. § 1988 provides that: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

occur without redress. Congress did not anticipate that courts would award attorney's fees as compensation to litigants representing themselves, who, undaunted and seemingly unharmed by ignorance of legal procedure, successfully pressed a section 1983 claim.

This court already has concluded that pro se non-lawyer litigants cannot be awarded attorney's fees under this Act. *See Pitts v. Vaughn,* 679 F.2d 311 (3d Cir.1982).[4] The reasoning articulated therein and above applies with even greater force where, as here, plaintiff was eligible for membership in a class already represented by counsel.

Accordingly, the district court did not abuse its discretion in refusing to award Owens-El attorney's fees. The order of the district court will be affirmed.

---

4. *See also Lovell v. Snow,* 637 F.2d 170 (1st Cir.1981); *Cofield v. City of Atlanta,* 648 F.2d 986 (5th Cir.1981); *Davis v. Parratt,* 608 F.2d 717 (8th Cir.1979); *Grooms v. Snyder,* 474 F.Supp. 380 (N.D.Ind.1979).