**Dennis M. WOLFEL, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 82–3372.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs May 5, 1983.

Decided July 11, 1983.

Dennis M. Wolfel, pro se.

John J. Cruze, Asst. U.S. Atty., Cincinnati, Ohio, for defendant-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and HORTON, District Judge.*

KRUPANSKY, Circuit Judge.

This is an appeal by Dennis Wolfel (Wolfel), a prisoner at Ohio's Lucasville Correctional Facility, from a decision of Judge Arthur Spiegel which denied Wolfel's *pro se* Freedom of Information Act (FOIA) request to obtain his FBI file without conducting an *in camera* investigation of every document, relying instead upon *Vaughn* indices and affidavits submitted by the Bureau. Wolfel also appeals from the rejection of his request for attorney fees, which was denied because he appeared *pro se.*

The record discloses that pursuant to appellant's request under 5 U.S.C. § 552 for all documents maintained by the FBI's Intelligence Division relating to his activities, the Bureau released most of the material encompassed within the request without deletions or claims of exemption. Fifty-seven (57) documents, were either furnished to Wolfel with redactions or withheld in their entirety pursuant to various stated FOIA exemptions. The redacted portions were asserted to be privileged from disclosure as identifying FBI agents or other law enforcement officers, 5 U.S.C. § 552(b)(7)(C); constituting information transmitted by confidential sources, 5 U.S.C. § 552(b)(7)(D); and as classified in the interest of national security, 5 U.S.C.

* Hon. Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation.

§ 552(b)(1). The specific exemptions were applied to each redaction or withholding in two Bureau affidavits submitted in conformity to the procedure (*Vaughn* Index) delineated in *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

Both parties below moved for summary judgment. In addition, Wolfel moved for *in camera* inspection of all withheld information. In a thorough, well-crafted opinion, the trial judge concluded that the *Vaughn* material fully substantiated the claimed (b)(7)(C) and (b)(7)(D) exemptions, but that the chronology of the classification procedure raised an issue as to whether a single six-page document had been classified prior or subsequent to Wolfel's FOIA request. Accordingly, the trial judge ordered the United States to submit the document for his *in camera* review, together with supplemental affidavits attesting with greater specificity to the classification procedure followed in the instant case.

Subsequent to his *in camera* inspection of the original document and the supporting explanatory affidavits, the court concluded that the file had been properly classified prior to Wolfel's request, but was re-examined and the classification re-affirmed as a consequence of the FOIA action. The decision to withhold the document was upheld. Moreover, the district court held that Wolfel was not eligible as a *pro se* litigant to claim attorney fees under the FOIA. The present appeal ensued.

■ It must initially be emphasized that Wolfel has *not* appealed from the substantive decisions of the district judge regarding the disclosure or confidentiality of the particular documents at issue. Rather, Wolfel here asserts that it was error to reach any conclusion about the documents without utilizing an *in camera* inspection of all the requested material.

■ In the recent opinion of *Ingle v. Department of Justice,* 698 F.2d 259 (6th Cir.1983) this Court comprehensively articulated the circumstances under which an *in camera* review should be conducted. As more particularly relates to the first assignment of error now at bar, the opinion in *Ingle* examined the legislative intent behind the FOIA, and precedent from all Circuits, and concluded that "while *in camera* is available, it is not the procedure primarily contemplated by the statute and, because of the attendant burdens on judicial economy, should be availed of with some restraint and in appropriate instances." 698 F.2d at 265. The short, and dispositive, answer to appellant's first issue is that the district judge quite properly relied upon the adequate *Vaughn* materials and was under no obligation to conduct *in camera* inspections. *Ingle, supra.* It is of no consequence that Wolfel was proceeding *pro se* below; indeed, while there is authority for the proposition that *pleadings* submitted *pro se* will be accorded a measure of leniency to assure that meritorious claims will not be dismissed for inartful draftmanship, *see, e.g., Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), there is no authority for the contention that *pro se* litigants are entitled to a more lenient application of *substantive* law. In fact, it is the very essence of the equal protection guarantee of the Fifth and Fourteenth Amendments that "once an indigent * * * is brought within the ambit [of the court's power], * * * the protections and procedures required [by law] to be extended to all other litigants *may not be conditioned upon his financial means.*" *Lecates v. Justice of the Peace Court No. 4,* 637 F.2d 898, 908 (3rd Cir.1980) (emphasis added).

Wolfel's second assertion is that he is entitled to attorney fees despite the facts that he did not prevail in his suit and had no attorney representation. The parties have extensively briefed and argued the issue as to whether Wolfel "prevailed" because he obtained some materials from the FBI *prior* to commencement of the suit and allegedly as a consequence of the impending action. While such situations have been held to produce a prevailing party in FOIA cases, *see Cox v. Dept. of Justice,* 601 F.2d 1 (D.C.Cir.1979), this factual issue was not addressed by the district judge who concluded that even if, *arguendo,* Wolfel "pre-

vailed" as to the facts, his status as a *pro se* litigant precluded him as a matter of law from an award of fees. Accordingly, only the district court's legal determination is before this Court on review.

There is a split in the Circuits as to the legality of awarding attorney fees to a *pro se* FOIA litigant who is not an attorney, although the split is decidedly in favor of denying fees to such plaintiffs. The First, Third, Fourth, Fifth, Eighth, Ninth, Tenth and Eleventh Circuits have ruled that *pro se* litigants are ineligible for attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or analogous statutes. *Owens-El v. Robinson*, 694 F.2d 941 (3rd Cir.1982); *Pitts v. Vaughn*, 679 F.2d 311 (3rd Cir.1982); *Clarkson v. Internal Revenue Service*, 678 F.2d 1368 (11th Cir.1982); *Barrett v. Bureau of Customs*, 651 F.2d 1087 (5th Cir.1981), *cert. denied*, 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982); *Crooker v. United States Dept. of Justice*, 632 F.2d 916 (1st Cir.1980); *White v. Arlen Realty & Development Corp.*, 614 F.2d 387 (4th Cir.1980); *Davis v. Parratt*, 608 F.2d 717 (8th Cir. 1979); *Hannon v. Security National Bank*, 537 F.2d 327 (9th Cir.1976); *Burke v. United States Dept. of Justice*, 559 F.2d 1182 (10th Cir.1977), *aff'g.* 432 F.Supp. 251 (D.Kan.1976). The Second Circuit is in substantial accord with the majority rule but would authorize a *pro se* litigant to recover fees where it could be established that prosecuting the lawsuit diverted time from income-producing activity. *Crooker v. United States Dept. of the Treasury*, 634 F.2d 48 (2d Cir.1980). Only the District of Columbia Circuit has read the statute to countenance an award of attorney fees to *pro se* litigants who are not attorneys. *See Cox v. United States Dept. of Justice*, 601 F.2d 1 (D.C.Cir.1979); *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C.Cir.1977).

█ This Court is persuaded that the district judge herein properly determined and applied what appears to be the increasingly well-settled rule that a *pro se* litigant who is not an attorney may not recover attorney fees pursuant to the FOIA. As the Fifth Circuit observed in *Barrett, supra,* 651 F.2d at 1089-90:

We are persuaded that Congress intended to provide for the payment of attorney fees in those instances in which the services of an attorney were utilized and fees incurred. We express no opinion as to that situation where a complainant is an attorney and appears *in propria persona*. We are also persuaded that Congress did not intend to impose a penalty on the United States by requiring the payment of a sum of money to a *pro se* litigant, ostensibly in reimbursement of an attorney fee expense.

\*   \*   \*   \*   \*   \*

We are not persuaded that the policies and purposes of the Privacy Act or of the FOIA are necessarily furthered by granting attorney fees to *pro se* litigators. *Crooker,* 632 F.2d at 920. Persons contemplating legal action should be encouraged to consult with attorneys. Litigation may not be necessary. Frustrations and misunderstandings or failures of understanding by the intended complainant may be quickly soothed and resolved by counsel. We do not believe it naive to expect that the result of the intervention of counsel will be compliance with the law by the agency involved, a furnishing of the information sought, and an avoidance of unnecessary litigation.

We read the statute to provide for an award of a reasonable attorney fee reasonably incurred, considering all circumstances. A person has a right to proceed *pro se,* just as one has a right to retain counsel. Congress has seen fit to underscore its insistence that the provisions of the Privacy Act and the FOIA be faithfully discharged by responsible parties and agencies by lifting the burden of attorney fees from successful complainants. To award an attorney fee where no fee has been incurred constitutes a penalty for non-compliance. Congress may impose such a penalty should it choose to do so. We do not interpret 5 U.S.C. § 552a(g)(3)(B) as a congressional imposition of such a penalty.

Moreover, as the Second Circuit pointedly noted, the FOIA "was not enacted to create a cottage industry for * * * prisoners." 634 F.2d at 49.

Accordingly, the judgments below as to the utilization of *in camera* review and the availability of attorney fees are hereby AFFIRMED.

KEITH, Circuit Judge, concurring.

I agree completely with the majority's analysis which concludes that the district court did not err in refusing to hold an *in camera* inspection. I also agree that Wolfel is not entitled to attorney's fees under the FOIA; however, I base my conclusion on the second issue on a narrower ground than the majority opinion.

The record clearly reveals that Wolfel did not substantially prevail within the meaning of the FOIA. An antecedent condition to an attorney's fee award is that the plaintiff show that he substantially prevailed in court or that his judicial action was the reason the agency released the information he sought. The aim of the provision is to compensate individuals who act as private attorney generals by enforcing the provisions of the FOIA. *See Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509 (2d Cir.1976) wherein the legislative history of 5 U.S.C. § 552(a)(4)(E) is discussed. *Accord, Cuneo v. Rumsfeld,* 553 F.2d 1360, 1367 (D.C.Cir.1977). The plaintiff must show at a minimum that prosecution of the action was reasonably "necessary and had a substantial causative effect on the delivery of the information." *Id.* at 513. The plaintiff in this case has shown neither of these conditions, since it appears that the government's delay in evaluating his claim was due to an administrative backlog. When the claim was finally evaluated, the bulk of the materials were released.

This case is strikingly similar to *Cox v. United States Department of Justice,* 601 F.2d 1 (D.C.Cir.1979). In that case, a federal inmate also sought attorney's fees under the FOIA. The court noted that the statutory provision vests the district court with

discretion to award attorney's fees. They are not automatic. *Id.* at 7 n. 4. But the court further stated that though a court order is not necessary to find that the complainant "substantially prevailed," it is not enough that the release of the material followed in time the filing of the FOIA action. *Accord, Vermont Low Income,* 546 F.2d at 514 (Congress did not impose a rule of *post hoc, ergo propter hoc*).

I am not persuaded by the majority opinion's seeming approval of the "majority rule" which would deny attorney's fees to plaintiffs who do not hire attorneys in these cases. But more importantly, I think this is an issue that the court need not reach in the present case. I would affirm the denial of attorney's fees based on the fact that Wolfel did not substantially prevail within the meaning of the FOIA. I would reserve the more difficult issue of whether any *pro se* litigant is ever entitled to attorney's fees until it is more appropriately presented in a future case.