875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. STONE, Plaintiff-Appellant,
v.
MERIT SYSTEMS PROTECTION BOARD, Dallas Regional Office
Washington, D.C., United States Postal Service, Dallas,
Texas, United States Postal Inspection Service, Southern
Regional Office Memphis, Tennessee, United States Postal
Inspection Service, Mid-South District, Memphis, Tennessee,
United States Postal Service, EEO-Employee Relations,
Washington, D.C., United States Postal Service, EEO
Branch/Southern Regional Office, Defendants-Appellees.
 No. 88-6205.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 James E. Stone, a pro se litigant, appeals the district court's judgment dismissing his complaint for failure to name or serve the proper party defendant. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stone filed a suit in the district court, pursuant to 5 U.S.C. Sec. 7703(b)(2), challenging the affirmance of his discharge from the United States Postal Service by the Merit Systems Protection Board. In his complaint, Stone failed to name the Postmaster General as a defendant. Stone also failed to obtain service on any of the named defendants until 33 days after the decision of the Merit Systems Protection Board became final. The district court granted defendants' motion for dismissal finding that: (1) the procedural requirements applicable to claims brought pursuant to 5 U.S.C. Secs. 7702 and 7703 require (a) that the suit be filed within thirty days after receipt of final administrative action and (b) that the suit must be brought against the head of the involved federal agency in his official capacity, and (2) the only proper party defendant, the Postmaster General, had not been named as a defendant and any attempt to amend the complaint to add the Postmaster General could not be related back under Fed.R.Civ.P. 15(c) because Stone's failure to serve any of the named defendants within the applicable limitations period denied the Postmaster General of notice.
 
 
 3
 Upon review, we affirm the district court's judgment of dismissal. Stone failed to name the proper party defendant, the Postmaster General, McGuiness v. United States Postal Serv., 744 F.2d 1318, 1323 (7th Cir.1984), and also failed to obtain service upon any defendant within the 30-day limitations period which is applicable to suits brought pursuant to 5 U.S.C. Secs. 7702 and 7703. Hilliard v. United States Postal Serv., 814 F.2d 325, 327, (6th Cir.1987). Additionally, Stone's failure to obtain service upon any defendant within the thirty (30) day limitations period prevents the application of the relation back provision of Fed.R.Civ.P. 15(c), since the failure to obtain service on any defendant deprived the Postmaster General of either actual or constructive notice of the filing of the suit within the limitations period. Schiavone v. Fortune, 477 U.S. 21 (1986).
 
 
 4
 Finally, Stone's pro se status does not excuse his failure to name the Postmaster General as a defendant since pro se litigants are not entitled to a more lenient application of substantive law. Wolfel v. United States, 711 F.2d 66, 67 (6th Cir.1983).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.