Matthew E. DONAHUE, Appellant,

v.

Harold L. THOMAS, et al., Appellees.

No. 91–CV–334.

District of Columbia Court of Appeals.

Argued May 4, 1992.
Decided Nov. 20, 1992.

---

Matthew E. Donahue, pro se.

Lutz Alexander Prager, Asst. Deputy Corp. Counsel,. with whom Robert J. Harlan, Jr., Asst. Corp. Counsel, John Payton, Corp. Counsel, and Charles L. Reischel,

Deputy Corp. Counsel, were on the brief, for appellees.

Before STEADMAN and SULLIVAN, Associate Judges, and GALLAGHER, Senior Judge.

SULLIVAN, Associate Judge:

Appellant raises an issue of first impression, namely, whether a *pro se* non-attorney plaintiff is entitled to an award of reasonable attorney's fees and other costs of litigation pursuant to the District of Columbia Freedom of Information Act ("D.C.-FOIA"). D.C.Code §§ 1–1521–1529 (1992).[1] We hold that as a matter of law a *pro se* non-attorney plaintiff, although statutorily eligible for an award of costs, cannot recover attorney's fees pursuant to D.C.-FOIA.

Regretably, neither the text of D.C.-FOIA, nor its legislative history,[2] provides adequate guidance as to whether an award of reasonable attorney's fees to a *pro se* non-attorney plaintiff was intended by the Council of the District of Columbia.[3]

1. D.C.Code § 1–1527(c) provides: "If a person seeking the right to inspect or to receive a copy of a public record prevails in whole or in part in such suit, he or she may be awarded reasonable attorney['s] fees and other costs of litigation."

2. D.C.-FOIA was intended to promote the public policy that "all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees." D.C.Code § 1–1521. The legislative history of D.C.-FOIA concerning awards of attorney's fees is very sparse and contains no reference whatsoever to *pro se* plaintiffs. An analysis of the report of the Committee on the Judiciary and Criminal Law revealed a single pertinent statement: that the statutory provision for awards of attorney's fees "allows the court to award reasonable attorney['s] fees and litigation costs to a requester who prevails in court." Similarly, an analysis of the report of the Committee on Government Operations revealed a single relevant statement: that the statutory provision for attorney's fees is intended to "encourage citizens to seek the release of information wrongfully withheld by providing the award of attorney['s] fees."

3. This court has held that "[w]hen a local provision is borrowed directly from a federal statute, the Council [of the District of Columbia] is presumed to have borrowed the judicial con-

struction thereof as well." *Meiggs v. Associated Builders, Inc.,* 545 A.2d 631, 635 (D.C.1988) (quoting *Hughes v. District of Columbia Dep't of Employment Servs.,* 498 A.2d 567, 571 n. 8 (D.C. 1985)). *See also Whitt v. District of Columbia,* 413 A.2d 1301, 1303–04 (D.C.1980). *Meiggs, supra,* follows the cardinal rule of statutory construction that when a legislature models a statute after one in effect in another jurisdiction, "the legislature is deemed to have also adopted the judicial constructions of the statute in the jurisdiction in which it originated." *Id.,* 545 A.2d at 635 (citing *Yates v. United States,* 354 U.S. 298, 309, 77 S.Ct. 1064, 1071, 1 L.Ed.2d 1356 (1957)). *See generally* 2B NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 52.0. (5th ed. 1992).

Where a state statute is borrowed extensively from a federal statute, as D.C.-FOIA was from the federal Freedom of Information Act ("federal FOIA"), 5 U.S.C. § 552, "only the decisions of the (federal) court of last resort are normally adopted with the statute." *Lenaetts v. District of Columbia Dep't of Employment Servs.,* 545 A.2d 1234, 1238 n. 9 (D.C.1988). *See also In re Local 1201, AFSCME, Rutland Dep't of Pub. Works,* 143 Vt. 512, 469 A.2d 1176 (1983) (" '[F]ederal decision' ... mean[s] decisions of the United States Supreme Court and the Circuit Courts of Appeal"). As of March 29, 1977, the date D.C.-FOIA became effective, 23 D.C.Reg. 9532b (1977), the United States Court of Appeals for

In resolving this issue, therefore, we have analyzed and, indeed, find persuasive, judicial precedent interpreting closely analogous statutes which establish causes of action and provide for judicial awards of attorney's fees in federal civil rights and FOIA cases.[4]

Appellant also challenges the trial court's ruling, following a non-jury trial, that the D.C. Department of Finance and Revenue ("the Department") provided him with all materials in its possession relevant to his D.C.–FOIA request. We hold that the trial court's decision is supported by the record and is not clearly erroneous. D.C.Code § 17–305(a) (1989); Super.Ct.Civ.R. 52(a). *See also First Am. Bank v. District of Columbia*, 583 A.2d 993, 997 n. 7 (D.C.1990) (citing *Auxier v. Kraisel*, 466 A.2d 416, 418 (D.C.1983) (findings of fact by the trial court must be affirmed unless clearly erroneous or unsupported by the record)).

▆ Accordingly, we affirm the trial court's ruling denying appellant's request for attorney's fees pursuant to D.C.–FOIA, albeit for different reasons from those relied on by the court. *See Walter A. Brown, Inc. v. Moylan*, 509 A.2d 98, 100 n. 4 (D.C.1986) (citing *Max Holtzman, Inc. v. K & T Co.*, 375 A.2d 510, 513 n. 6 (D.C. 1977) (judgment may be affirmed by appellate court on a different ground from that adopted by the trial court)). We also affirm the trial court's ruling that the Department provided appellant with all materials in its possession which were relevant to his D.C.–FOIA request. Finally, we vacate the trial court's award of costs to appellees and remand for a determination of appellant's compensable costs, if any, pursuant to D.C.–FOIA.[5]

## I.

Appellant, Matthew E. Donahue, owns numerous parcels of commercial and residential real property in the District of Columbia. In identical letters to the Department's Director, Harold L. Thomas, and its Freedom of Information Officer, Alice J. Davis,[6] dated March 14, 1990, and received on March 19, 1990, appellant requested specific information concerning the city's fiscal year 1990 and 1991 assessments of forty-six properties owned by him. The information requested included copies of documents which appellant stated he needed to determine whether to appeal the assessments to the D.C. Board of Equalization and Review ("the Board").

The Department officers had ten days to respond to appellant's request under the applicable statutory and regulatory provisions. D.C.Code § 1–1522(c); 1 DCMR § 405.1 (1986).[7] In fact, the parties stipu-

---

the District of Columbia Circuit had not issued any decisions addressing awards of attorney's fees to *pro se* plaintiffs in federal FOIA cases.

4. *Kay v. Ehrler*, —— U.S. ——, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) (a *pro se* attorney plaintiff may not be awarded attorney's fees pursuant to the federal Civil Rights Attorney's Fees Awards Act of 1976, as amended, 42 U.S.C. § 1988); *Falcone v. IRS*, 714 F.2d 646 (6th Cir. 1983), *cert. denied*, 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984) (a *pro se* attorney plaintiff may not be awarded attorney's fees pursuant to the federal FOIA), *cited in Kay, supra*, —— U.S. at ——, 111 S.Ct. at 1436; *Wolfel v. United States*, 711 F.2d 66 (6th Cir.1983) (a *pro se* non-attorney plaintiff may not be awarded attorney's fees pursuant to federal FOIA), *cited in Falcone, supra*, 714 F.2d at 646.

5. Super.Ct.Civ.R. 54(d) states: "Except when express provision therefor is made either in an *applicable statute* or in these Rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." *Id.* (em-

phasis added). D.C.–FOIA expressly provides that a court may award costs of litigation to a party who "prevails in whole or in part." D.C.Code § 1–1527(c). We hold that D.C.–FOIA is an "applicable statute."

6. At the time of trial, Mr. Thomas and Ms. Davis were no longer employed as Director and Freedom of Information Officer, respectively, of the Department. Their successors were automatically substituted as party defendants pursuant to Super.Ct.Civ.R. 25(d)(1).

7. D.C.Code § 1–1522(c) allows an agency ten days (except Saturdays, Sundays, and legal public holidays) from the date of receipt to either make the requested public records accessible or notify the person making the request of its determination not to make them available and the reasons therefor. *Accord*, 1 DCMR § 405.1. (D.C.Code § 1–1522(d), which does not apply in this case, states that in "unusual circumstances," the prescribed 10–day time limit may be extended by written notice.)

lated prior to trial that appellant had received no response whatsoever to his request within the 10–day time limit. Accordingly, he was entitled to consider his request denied as of April 2, 1990, D.C.Code § 1–1522(e), 1 DCMR § 405.4,[8] and to seek immediate judicial review, D.C.Code § 1–1527(a)(1), 1 DCMR § 412.1.[9]

On April 9, 1990, one week after appellant's request was statutorily denied and he was deemed to have exhausted his administrative remedies, he commenced a *pro se* proceeding pursuant to D.C.–FOIA. In his complaint, he requested that the Superior Court compel appellees, Harold L. Thomas, Director, D.C. Department of Finance and Revenue, Alice J. Davis, Freedom of Information Officer, D.C. Department of Finance and Revenue, and the District of Columbia, to provide him with the information requested. Appellant also sought declaratory relief that the Department's failure to provide him with the documents requested was unjustified and illegal under D.C.Code § 1–1521. In addition, appellant demanded attorney's fees and other litigation costs under D.C.–FOIA.[10]

It was not until *after* appellant filed suit that the Department first responded. In a letter dated April 11, 1990, Mr. Thomas informed appellant that assessment record cards were available for public inspection at the Department's offices and that he could review five documents per visit; alternatively, the Department would provide him with copies upon receipt of a fee.[11] Appellant did not avail himself of either opportunity. Mr. Thomas's letter also informed appellant that the Board was the appropriate agency to which he should di-

rect a certain portion of his request and provided him with the Board's address as well as the name and telephone number of a staff member to contact at the Department if he should have further questions. Appellant did not pursue that advice either.

At a court-ordered mediation session on December 13, 1990, after resolution of a dispute between the parties over the amount of the copying charges, appellant tendered the requisite fee. The Department, through counsel, provided him with copies of assessment record cards for most of the forty-six properties at issue. On January 30, 1991, the Department provided appellant with the pertinent information about twenty-three comparable properties utilized to calculate the 1990 and 1991 assessments of appellant's properties. On March 13, 1991, the Department acknowledged by letter that it had overlooked several assessment record cards and supplied additional information. On the day of trial, March 19, 1991, the Department gave appellant duplicate copies of the records supplied pursuant to its March 13, 1991 letter, which he claimed he had not received.

At trial, Mr. Thomas testified, in essence, that the Department, by its initial and subsequent responses to appellant's D.C.–FOIA request, had transmitted to him all of the relevant information known to be in appellees' possession. He testified further that he had never directed the withholding of any information from appellant. In addition, Mr. Thomas testified that some of the documents requested were official records of the Board and, thus, were not under the Department's control. The thrust of appellant's testimony was that the De-

---

**8.** D.C.Code § 1–1522(e) provides: "Any failure on the part of ... an agency to comply with a request ... within the time provisions of subsections (c) and (d) of this section shall be deemed a denial of the request, and the person making [the] request shall be deemed to have exhausted his [or her] administrative remedies with respect to such request...." 1 DCMR § 405.4 makes clear that it is up to the requester to deem his or her request denied.

**9.** D.C.Code § 1–1527(a)(1) states that "if a person is deemed to have exhausted his or her administrative remedies pursuant to [§ 1–1522(e) ], the person seeking disclosure may in-

stitute proceedings for injunctive or declaratory relief in the Superior Court for the District of Columbia." 1 DCMR § 412.1 states that he or she may "seek immediate judicial review...."

**10.** The complaint also requested punitive damages, which are not provided for in D.C.–FOIA. We, therefore, affirm the trial court's denial of punitive damages.

**11.** D.C.Code § 1–1522(a) states: "Any person has a right to inspect and, at his or her discretion, to copy any public record of ... an agency, except as otherwise expressly provided...."

partment's responses to his request were not only untimely but also incomplete. The trial court credited Mr. Thomas's testimony to the extent that it conflicted with appellant's testimony.

The final judgment dated March 20, 1991, bearing the imprimatur of the Clerk of the Court following the trial court's oral ruling from the bench, stated: "That the [p]laintiff take nothing, that the judgment be entered for the [d]efendants[,] Harold L. Thomas, Alice J. Davis, and the District of Columbia, and that the defendants recover of the [p]laintiff[,] Matthew E. Donahue[,] their costs of action."

## II.

█ Appellant argues that the trial court erred by denying his request for attorney's fees. He contends, in essence, that: he acted as an attorney on his own behalf in his lawsuit to obtain certain records needed to appeal value assessments by the D.C. government of his residence, his solely owned real property, and real property which he owns as a general partner; that he prevailed "in whole or in part" within the meaning of D.C.Code § 1–1527(c); and that, therefore, he is entitled to reasonable attorney's fees and other costs of litigation pursuant to that statutory provision.

In its pretrial order, the trial court denied appellant's request for attorney's fees on the grounds that "he is proceeding *pro se*, without counsel, and [that] such an award is inappropriate in these circumstances." At trial, the court reiterated and supplemented its pretrial order, stating again that attorney's fees were "inappropriate, because '[appellant had not] in fact

used a lawyer,' " and adding that appellant "ha[d] not made out any grounds[,] equitable or otherwise[,] for [such] an award." The trial court stated further that even if attorney's fees could be awarded, it would be within the court's discretion to award them. In the trial court's judgment, attorney's fees were "not warranted in this case." The court reasoned that appellant "had not successfully prevailed" in its judgment.

For the reasons set forth in Part IV, we do not reach the issue of whether appellant "prevail[ed]" in whole or in part" within the meaning of D.C.–FOIA. Indeed, whether appellant prevailed, although relevant to an award of compensable costs, is irrelevant to our holding that attorney's fees cannot be awarded to a *pro se* non-attorney plaintiff pursuant to D.C.–FOIA.

In affirming the trial court's ruling denying attorney's fees, we are persuaded by the Supreme Court's rationale in *Kay v. Ehrler, supra* note 6, — U.S. —, 111 S.Ct. 1435, which held that a *pro se* civil rights attorney plaintiff [12] was not entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988. *Id.* The Court stated that "the word 'attorney' assumes an agency relationship . . . and [that] it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." *Id.,* — U.S. at —, 111 S.Ct. at 1437. It is especially noteworthy and persuasive that *Kay* adopted the same rationale applied in *Falcone v. IRS, supra* note 4, 714 F.2d 646, which held that a *pro se* attorney plaintiff may not be awarded attorney's fees pursuant to federal FOIA. Moreover, it is significant that the *Falcone* court applied sub-

---

12. With respect to *pro se* non-attorney civil rights plaintiffs, the Supreme Court made it manifestly clear in *Kay* that it viewed that issue as already firmly settled. The Court stated: "The Circuits are in agreement . . . on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees . . . [W]e are . . . satisfied that they were correctly decided," 111 S.Ct. at 1436–37 & n. 5 (emphasis in original) (citing *Gonzalez v. Kangas,* 814 F.2d 1411 (9th Cir.1987); *Smith v. DeBartoli,* 769 F.2d 451, 453 (7th Cir.1985), *cert. denied,* 475 U.S. 1067, 106 S.Ct. 1380, 89 L.Ed.2d 606 (1986); *Turman v. Tuttle,* 711 F.2d 148 (10th Cir.1983) (per cu-

riam); *Owens–El v. Robinson,* 694 F.2d 941 (3d Cir.1982); *Wright v. Crowell,* 674 F.2d 521 (6th Cir.1982) (per curiam); *Cofield v. Atlanta,* 648 F.2d 986, 987–88 (5th Cir.1981); *Lovell v. Snou,* 637 F.2d 170 (1st Cir.1981); *Davis v. Parratt,* 608 F.2d 717 (8th Cir.1979) (per curiam)). *See also Lawrence v. Bowsher,* 289 U.S.App.D.C. 346, 347, 931 F.2d 1579, 1580 (1991) (a case involving a *pro se* civil rights attorney plaintiff which interpreted the scope of the Supreme Court's holding in *Kay, supra,* as being that "§ 1988 does not permit an award of attorney's fees to a *pro se* litigant, attorney or not," and followed it "solely upon the ground upheld in [that case]").

stantially the same reasoning which persuaded a majority of the federal circuits to deny attorney's fees to *pro se* non-attorney plaintiffs in federal FOIA cases. *Id.* (citing *Wolfel v. United States, supra* note 4, 711 F.2d 66 (*pro se* non-attorney plaintiff is ineligible for attorney's fees under federal FOIA)).[13] Our reliance on *Wolfel* and the federal circuit court cases cited therein is consistent with our recent decision in *Washington Post Co. v. Minority Business Opportunity Comm'n*, 560 A.2d 517, 521 n. 5 (D.C.1989), wherein we held that case law interpreting federal FOIA is instructive authority in this jurisdiction.

In *Kay*, the Supreme Court summarized the reasoning of *Falcone* as follows:

The Court of Appeals reasoned that attorney's fees in FOIA actions were inappropriate because the award was intended "to relieve plaintiffs with legitimate claims of the burden of legal costs" and "to encourage potential claimants to seek legal advice before commencing litigation." 714 F.2d at 647. The court relied on the fact that "[an] attorney who represents himself in litigation may have the necessary legal expertise but is unlikely to have the 'detached and objective perspective' necessary to fulfill the aims of the Act." *Ibid.* (citation omitted).

—— U.S. at —— n. 4, 111 S.Ct. at 1436 n. 4 (alteration in original).

The Court, adopting the essential rationale of *Falcone* as its own, stated:

A rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Id.*, —— U.S. at ——, 111 S.Ct. at 1438.

We hold, therefore, that in the absence of any relevant legislative history or binding judicial precedent[14] to the contrary, the persuasive rationale of *Kay, Falcone,* and

---

13. In support of its holding that a *pro se* non-attorney plaintiff is ineligible for attorney's fees under federal FOIA, *Wolfel supra* note 4, 711 F.2d at 68, cites with approval the following cases from other circuits which have followed the majority rule: *Owens–El v. Robinson, supra* note 12, 694 F.2d 941; *Pitts v. Vaughn*, 679 F.2d 311 (3d Cir.1982); *Clarkson v. IRS*, 678 F.2d 1368 (11th Cir.1982); *Barrett v. Bureau of Customs*, 651 F.2d 1087 (5th Cir.1981), *cert. denied*, 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982); *Crooker v. United States Dep't of Justice*, 632 F.2d 916 (1st Cir.1980); *White v. Arlen Realty & Dev. Corp.*, 614 F.2d 387 (4th Cir.1980), *cert. denied*, 447 U.S. 923, 100 S.Ct. 3016, 65 L.Ed.2d 1116 (1980); *Davis v. Parratt, supra* note 12, 608 F.2d 717; *Burke v. United States Dep't of Justice*, 559 F.2d 1182 (10th Cir.1977), *affg.*, 432 F.Supp. 251 (D.Kan.1976); *Hannon v. Security Nat'l Bank*, 537 F.2d 327 (9th Cir.1976). (The cases cited in support of the court's holding in *Wolfel, supra,* were decided pursuant to federal FOIA as well as analogous statutes.) *Cf. Crooker v. United States Dep't of the Treasury*, 634 F.2d 48 (2d Cir.1980).

*Contra, Crooker v. United States Dep't of the Treasury*, 213 U.S.App.D.C. 376, 663 F.2d 140 (1980); *Cox v. United States Dep't of Justice*, 195 U.S.App.D.C. 189, 601 F.2d 1 (1979); *Holly v. Acree*, 72 F.R.D. 115 (D.D.C.1976), *aff'd by order sub nom. Holly v. Chasen*, 186 U.S.App.D.C. 329, 569 F.2d 160 (1977). (The foregoing *contra* cases involved *pro se* non-attorney plaintiffs.)

14. We are aware of this court's decision in *Alexander v. District of Columbia Rental Hous. Comm'n*, 542 A.2d 359 (D.C.1988) (per curiam), affirming an award of attorney's fees to a *pro se* attorney plaintiff, who was suing in his capacity as a tenant pursuant to the Rental Housing Act of 1980. We also note that *Alexander* expressly reserved the issue as to *pro se* non-attorney plaintiffs. *Id.* at 360 n. 6. The rationale of *Alexander* rested exclusively on *Duncan v. Poytbress*, 777 F.2d 1508 (11th Cir.1985) (en banc), *cert. denied*, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986), which held that *pro se* civil rights attorney plaintiffs are eligible to receive attorney's fees pursuant to § 1988. The Supreme Court's decision in *Kay*, six years later, however, effectively overrules *Duncan*, stripping it of any precedential value. Moreover, it is noteworthy that the Eleventh Circuit, prior to *Duncan* had already held as a matter of law, that a *pro se* non-attorney plaintiff could not recover attorney's fees pursuant to federal FOIA. *Clarkson v. IRS, supra* note 13, 678 F.2d at 1371. In view of the foregoing, and also because *Alexander* is factually inapposite to the present case, we do not think it is controlling on the issue before us.

We also are aware that the issue of whether a *pro se* non-attorney plaintiff is entitled to attorney's fees was raised but not decided by this court in *Washburn v. Washburn*, 475 A.2d 410, 412–413 (D.C.1984).

the decisions of the majority of the circuits denying attorney's fees to *pro se* attorney and non-attorney plaintiffs in cases decided pursuant to the federal civil rights, FOIA, and analogous statutes, applies as well to D.C.–FOIA cases prosecuted by *pro se* non-attorney plaintiffs. This holding is consistent with the holding in *McReady v. Department of Consumer & Regulatory Affairs*, No. 91–CV–884 (D.C. November 20, 1992), an opinion which is being issued simultaneously by another division of this court. Indeed, we rely upon the holding in *McReady* as additional support for our conclusion.

In reaching our conclusion, we decline to follow the rationale of those decisions of the U.S. Court of Appeals for the District of Columbia Circuit which have awarded attorney's fees to *pro se* non-attorney plaintiffs in federal FOIA cases.[15] The essence of the rationale in those cases is that "[i]n authorizing courts to award attorney's fees in [federal FOIA] cases, Congress sought to encourage private persons to assist in furthering the national policy that favors disclosure of government documents." *Cox v. United States Dep't of Justice, supra* note 13, 195 U.S.App.D.C. at 193, 601 F.2d at 5. "Consistent with [that] intent, ... it is unnecessary for a [plaintiff] who is [either] an attorney acting *pro se* [or a layman acting *pro se*] to have actually incurred attorney's fees in order to be eligible for an award of same." *Id.* (citing *Cuneo v. Rumsfeld*, 180 U.S.App.D.C. 184, 188–89, 553 F.2d 1360, 1364–65 (1977), and *Holly v. Acree, supra* note 13, 72 F.R.D. at 116, *aff'd by order sub nom. Holly v. Chasen, supra* note 13, 186 U.S.App.D.C. 329, 569 F.2d 160). "If [a *pro se* non-attorney plaintiff] 'substantially prevail[s]' in his action, then the [trial court] may in its discretion grant him an award of [attorney's] fees." *Cox, supra*, 195 U.S.App. D.C. at 194, 601 F.2d at 6.

■ In our view, an attorney-client relationship should be a prerequisite to an award of attorney's fees under D.C.Code

§ 1–1527(c). This view is consistent with the basic rule of statutory construction that courts must follow the plain and ordinary meaning of the statute because that is the meaning the legislature intended. *Guerra v. District of Columbia Rental Hous. Comm'n*, 501 A.2d 786, 789 (D.C.1985). Since the plain and ordinary meaning of attorney's fees requires payment to an attorney for services as a legal agent qualified to represent plaintiffs and defendants in legal proceedings, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 141, 833 (1988), the D.C.–FOIA provision for an award of attorney's fees was clearly intended to relieve plaintiffs with meritorious claims of the burden of paying those fees out of pocket. Furthermore, a reasonable interpretation of the statutory section in question is that it was designed to encourage potential plaintiffs to seek the advice of counsel before proceeding with litigation.

In the present case, however, since no attorney-client relationship existed, appellant had no fee burden requiring alleviation. Thus, it is neither appropriate to reward him for failing to seek competent professional legal advice nor to compensate him for acting as his own attorney.

## III.

■ The trial court's ruling that the Department transmitted to appellant all the records in its possession which were relevant to his request is a finding of fact which cannot be set aside on appeal unless it is clearly erroneous or unsupported by any evidence in the record. D.C.Code § 17–305(a); Super.Ct.Civ.R. 52(a). *See also First Am. Bank v. District of Columbia, supra*, 583 A.2d at 997 n. 7 (citing *Auxier v. Kraisel, supra*, 466 A.2d at 418).

Based on the testimony of Messrs. Donahue and Thomas and the documentary evidence presented, the trial court concluded in relevant part:

---

**15.** The District of Columbia Court of Appeals is not bound by the decisions of the United States Court of Appeals for the District of Columbia Circuit rendered after February 1, 1971. *M.A.P.*

*v. Ryan,* 285 A.2d 310, 312 (D.C.1971). Moreover, the decisions we decline to follow did not exist at the time D.C.–FOIA was enacted. See note 3, *supra.*

I have listened to the testimony of Mr. Thomas and I've listened to appellant's testimony and I credit Mr. Thomas' testimony to the extent that [there is a] conflict[]... . *The long and short of it is [that] while you have not necessarily been furnished [with the documents] at the spur of the moment when you wanted them, [appellees] have apparently given you everything that they have that is consistent with your request ... [T]he Freedom of Information [Act] request[] is satisfied. Accordingly, no further relief [is granted].* The case is closed.

The testimony of Mr. Thomas clearly supported the trial court's findings. He testified, in essence, that appellees had given appellant all the relevant information they were aware of up until the day of trial. He added that some of the information appellant had requested simply was not available or was maintained by another government agency. Appellant made no showing that the appellees were withholding relevant information in their possession or that appellees had not made every effort to accommodate him as much as they could have.

Therefore, we hold that the ruling of the trial court that appellees had supplied appellant with all the relevant documents that existed is supported by the record and is not clearly erroneous.[16] Accordingly, we will not disturb it.

### IV.

Counsel for appellees conceded during oral argument before this court that the award of costs in their favor was inappropriate. The trial court did not include an award of costs to appellees in its ruling delivered in open court. Further, counsel

for appellees stated that they had never sought to recover costs, were not entitled to costs (because the Department had not provided appellant with the documents requested within the 10–day period allowed by statute), and, indeed, explicitly waived the award of costs to them. Thus, at appellees' request, we vacate the award of costs to them.

■ Appellees' counsel also argued orally on appeal that there was inconsistency in the trial court's findings as to whether appellant "prevail[ed] in whole or in part" within the meaning of D.C.–FOIA. In its ruling, the court stated: "[I]f the Government denies the records [sought under the Freedom of Information Act,] you may get a court order. That's essentially what you've done, and through the [c]ourt processes, apparently a lot of ... additional records were made available to you." In complete contrast, the court stated: "You haven't successfully prevailed in my judgment." Given the clear contradiction between these findings by the trial court, coupled with the absence of any ruling on the issue of costs, counsel for appellees suggested that this court remand for a precise determination as to whether appellant "prevail[ed] in whole or in part" as a matter of law, and, if so, whether he is entitled to a discretionary award of costs. In view of the conflicting findings, we concur that a remand for supplemental findings is appropriate. D.C.Code § 1–1527(c).

■ Although we remand for further proceedings on the issue of appellant's entitlement to costs, we, nonetheless, hold as a matter of law that a *pro se* non-attorney plaintiff who "prevails in whole or in part" pursuant to D.C.Code § 1–1527(c) may be entitled to a discretionary [17] award of costs.

---

**16.** Although we were informed at oral argument that additional relevant documents were located and furnished to appellant after trial, there is nothing in the record to support a holding that those documents were known to either the appellees or the trial court at the time of the trial. It is clear that the court based its ruling on the record in existence before it at the time of trial. That is all a trial court can reasonably be expected to do. Therefore, we have no reason to disturb the trial court's ruling.

**17.** With the caveat that the trial court must first determine whether the plaintiff "prevailed in whole or in part," we see no reason why the criteria evaluated in determining whether an award of costs is appropriate pursuant to Super.Ct.Civ.R. 54(d) should not also be evaluated in determining whether a party is entitled to a discretionary award of costs pursuant to D.C.Code § 1–1527(c). *See In re Antioch Univ.,* 482 A.2d 133 (D.C.1984); *Robinson v. Howard*

*See Kay v. Ehrler, supra,* —— U.S. at —— n. 3, 111 S.Ct. at 1436 n. 3.[18] (The *pro se* attorney plaintiff requested both costs and attorney's fees and was awarded costs but denied attorney's fees by the trial court. The issue of costs was not before the Supreme Court.)

## V.

Accordingly, we affirm the judgment of the trial court denying attorney's fees and punitive damages under D.C.–FOIA and its judgment that appellees provided appellant with all documents in their possession which were relevant to his D.C.–FOIA request. We also vacate the trial court's award of costs to appellees and remand for further proceedings consistent with this opinion.

*So ordered.*

---

*Univ.,* 455 A.2d 1363 (D.C.1983); *Johnson v. United States,* 398 A.2d 354 (D.C.1979).

**18.** *See also Clarkson v. IRS, supra* note 13, 678 F.2d 1368; *Davis v. Parratt, supra* note 13, 608 F.2d 717; *Burke v. United States Dep't of Justice, supra* note 13, 559 F.2d 1182; *Hannon v. Security Nat. Bank, supra* note 13, 537 F.2d 327.