NOT RECOMMENDED FOR PUBLICATION

File Name: 23b0006n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE:  RASHID MOHAMMAD,

        *Debtor*.

_____

RASHID MOHAMMAD,

        *Debtor-Appellant*,

        Nos. 23-8005/8014

LAUREN A. HELBLING,

        *Trustee-Appellee*,

WELLS FARGO BANK, N.A.,

        *Creditor-Appellee*.

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Cleveland.
No. 22-bk-12127—Jessica E. Price Smith, Bankruptcy Judge.

Decided and Filed:  December 7, 2023

Before:  BAUKNIGHT, CROOM, and STOUT, Bankruptcy Appellate Panel Judges.

_____

**DEBTOR**

**ON BRIEF:**  Rashid Mohammad, Strongsville, Ohio, pro se.

_____

**OPINION AND ORDER**

_____

In these consolidated appeals, Rashid Mohammad ("Debtor") appeals an order granting Wells Fargo Bank, N.A. ("Wells Fargo") relief from the automatic stay (23-8005) as to real property in Strongsville, Ohio (the "Property") and an order denying a motion to reinstate the underlying chapter 13 case, which was dismissed after relief from the stay was granted

(23-8014).  The Panel has reviewed Debtor's brief and the record on appeal and finds that oral argument would not aid the decision-making process.

Debtor filed the underlying chapter 13 case on July 21, 2022.  He filed his first chapter 13 plan on August 4, 2022.  Wells Fargo objected to confirmation, asserting that Debtor did not have a legal interest in the real property on which Wells Fargo held a security interest.  Wells Fargo further claimed that the chapter 13 case was intended only to delay foreclosure of the Property.  Debtor filed an amended plan on November 7, 2022.  Wells Fargo again objected, as did the chapter 13 trustee, Lauren Helbling.  The amended plan did not provide plan payments but proposed a "balloon payment" of an undisclosed amount "upon transfer."

Wells Fargo filed a motion for relief from stay as to its collateral on November 16, 2022. Debtor filed an objection to relief from stay on December 5, 2022.  The next day, the bankruptcy court scheduled a hearing on the motion for December 15, 2022.  On December 8, 2022, the bankruptcy noticing center sent notice of the hearing to Debtor via First Class Mail.

Debtor asserts that he received notice on December 13, 2022, and he filed a request for a continuance the next day.  He asserts that he called the court and was informed that the bankruptcy court would rule on the continuance at the hearing.  Debtor participated telephonically in the December 15, 2022 hearing; however, Debtor did not raise his motion for a continuance or express any objection to the court ruling that day on the motion for relief from stay.  The bankruptcy court heard from both parties and then gave an oral ruling, granting relief from the stay.

On January 5, 2023, the bankruptcy court held a hearing on plan confirmation.  Debtor appeared and asserted that he had purchased the real property from the owner and the only thing left to do was "just to pay the lender."  (Jan. 5, 2023 Hr'g Tr. 3:17, Bankr. No. 22-12127, ECF No. 98.)  Debtor also indicated that he had not provided the documentation requested by the trustee in her objection to plan confirmation and that he did not know "how to move forward" given the order granting relief from stay.  Additionally, Debtor acknowledged that "the plan was – I went into the plan just to save the situation."  (*Id*. at 5:4-5.)

The bankruptcy court noted that the confirmation hearing had been adjourned in October, November, and December. The bankruptcy court found that the "Plan as presently proposed is not confirmable." (*Id*. at 6:1-2.) Accordingly, the bankruptcy court denied confirmation and dismissed the chapter 13 bankruptcy case. The bankruptcy court entered orders granting relief from stay to Wells Fargo and dismissing the chapter 13 bankruptcy case on January 13, 2023.

Debtor timely filed a notice of appeal of the order granting relief from stay, docketed as Bankruptcy Appellate Panel Case No. 23-8005, but did not file a notice of appeal of the order dismissing the underlying chapter 13 case. On May 12, 2023, the Panel issued an order to show cause why the appeal of the order granting relief from stay should not be dismissed as moot, given that the case had been dismissed. Debtor filed a response to the order to show cause on June 12, 2023, explaining that he had filed a motion in the bankruptcy court to reinstate the chapter 13 case. He noted that the motion to reinstate had been denied but that he intended to file a motion for reconsideration and/or an appeal of the order denying reinstatement. Debtor timely filed a notice of appeal from the June 6, 2023 order denying the request to reinstate the chapter 13 case, which appeal was docketed as Bankruptcy Appellate Panel Case No. 23-8014. The clerk's office consolidated the two cases for briefing and decision.

After numerous extensions, Debtor filed his brief on November 20, 2023. Debtor's brief focuses on the assertion that he has some equitable interest in the Property because of his contract with the owners to purchase the Property and his argument that he "has no legal experience and doesn't have any knowledge of the laws[.]" (Appellant's Br. at 7.) The brief does not articulate any specific error made by the bankruptcy court. Debtor does not attempt to explain why the plan should have been confirmed or why the case should have been reinstated.

> Pro se parties are granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such leeway, this Court has long recognized "the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

*Hunt v. United States*, No. 19-938, 2020 WL 1907772, at *1 (Fed. Cl. Apr. 17, 2020). Moreover, "there is no authority for the contention that pro se litigants are entitled to a more lenient

application of substantive law." *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983); *see also*, *WLP Cap., Inc. v. Tolliver* (*In re Tolliver*), No. 20-8021, 2021 WL 6061853, at *2 (B.A.P. 6th Cir. Dec. 20, 2021).

At the December 15, 2022 hearing before the bankruptcy court, Debtor merely asserted that he has some equitable interest in the Property and that he was in the process of securing a method to make a balloon payment to satisfy the secured lender. Debtor offered neither any details nor any evidence in support of his assertion. Nor did Debtor explain why relief from stay would hinder his efforts. Likewise, at the January 5, 2023 hearing, Debtor failed to offer a confirmable plan to achieve his desired result. Nearly a year later, Debtor continues to offer only the vaguest argument that relief from stay was inappropriate, and he fails to articulate any reason for this Panel to overrule the bankruptcy court's order denying reinstatement of the case because of Debtor's failure to make plan payments and his inability to confirm a chapter 13 plan. While the Panel gives some latitude to the format of the brief, it cannot develop Debtor's arguments for him. "Issues not properly developed are waived on appeal." *Thomas F. Hadley, DDS, PLLC v. Harrison* (*In re Harrison*), No. 21-8008, 2022 WL 591669, at *8 (B.A.P. 6th Cir. Feb. 28, 2022) (citing *Church Joint Venture, L.P. v. Bedwell* (*In re Blasingame*), 598 B.R. 864, 873-74 (B.A.P. 6th Cir. 2019)).

Debtor has not carried his burden of persuasion. The order denying the motion to reinstate the chapter 13 bankruptcy case is AFFIRMED. The appeal of the order granting relief from stay is DISMISSED as moot due to the dismissal of the underlying bankruptcy case.[1]

ENTERED BY ORDER OF THE PANEL

Kelly Stephens, Clerk

---

[1]On December 5, 2023 Appellee Trustee filed a motion for an extension of time to file a brief, asking for a ruling on the motion for relief from stay appeal first and indicating that was not an issue the Trustee planned to address. Given the Panel's ruling, the Trustee's motion for an extension of time to appeal is moot.