86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert W.G. CLANTON, Plaintiff-Appellant,
v.
The PEOPLE of the CITY OF EAST LANSING; East Lansing Police
Department, Defendants-Appellees.
 No. 95-1868.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1996.
 
 Before: WELLFORD, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Herbert W.G. Clanton, a pro se Michigan litigant, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. Named as defendants are the people of the City of East Lansing, and the East Lansing Police Department. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In an amended complaint, Clanton indicated, in wholly conclusory fashion, that he was unjustly and unlawfully arrested on December 14, 1991. Clanton alleged that his unlawful arrest resulted in a violation of his rights protected by the First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Clanton requested damages in the amount of $316 million.
 
 
 3
 The defendants filed a motion to dismiss on the grounds that the complaint contained wholly vague and conclusory allegations and that the complaint was time-barred. Clanton responded. The matter was referred to a magistrate judge who issued a report recommending that the defendants' motion be granted. Despite Clanton's objections, the district court adopted the report and recommendation in a memorandum opinion filed July 27, 1995. The court also sua sponte ordered that Clanton be required to obtain written leave of the court before filing further complaints. This timely appeal followed.
 
 
 4
 Upon review, we conclude that Clanton has waived his right to appellate review because he did not specifically object to the magistrate judge's report and recommendation. In his objections to the report and recommendation, Clanton argued that the district court is an "appropriate judicial form [sic] to begin to correct violation(s)" of his constitutional rights. He also contended that the district court has jurisdiction and that the magistrate judge failed to disclose all the facts in this and two other cases which Clanton brought before the district court. It was claimed this non-disclosure of facts should be corrected. Clanton also argued his arrest was tantamount to a kidnapping and disorderly conduct. He contended the report and recommendation unjustly adopts a one-year limitations period, and that this result violated his constitutional rights. The report and recommendation itself is characterized as a fraud on the court and violative of various amendments to the United States Constitution. Clanton offered no specific argument which directly contradicted any of the magistrate judge's reasoning or legal authority regarding his claims.
 
 
 5
 This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Although this rule may be relaxed in the interest of justice, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), review of the appeal has not revealed any reason for doing so in this case. Dismissal of Clanton's complaint was proper as the complaint contained only conclusory allegations. Clanton has alleged, in the most conclusory of terms, that the defendants have in some unspecified way interfered with his rights protected by the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments. It is well established that a pleading is insufficient to state a claim under § 1983 if the allegations are merely conclusory. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987); Wolfel v. United States, 711 F.2d 66, 67 (6th Cir.1983). Because Clanton was proceeding on wholly conclusory allegations that his constitutional rights were violated, with no specific factual allegations, dismissal was proper. See Fed.R.Civ.P. 12(b)(6).
 
 
 6
 Finally, we affirm the district court's order requiring Clanton to obtain prior leave of the court for future filings. This procedure has been approved by this court with a specific finding that the First Amendment rights of the litigant were not violated. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order).
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.